## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

PATRICIA D. FERRARO,    )

    Plaintiff,     )

v.           )

BEST BUY CO., INC., a corporation; )
and BEST BUY STORES, L.P.,  )
a limited partnership, and;   )
HEWLETT-PACKARD COMPANY, )
a corporation,      )

    Defendants.   )

FILED: JUNE 25, 2008
08CV3638
JUDGE KENNELLY
MAGISTRATE JUDGE COX

No.
  TC
(Cook County No. 2008 L 005182)

JURY DEMAND

### DEFENDANTS' JOINT NOTICE OF REMOVAL
### PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446

The defendants, BEST BUY CO., INC. and BEST BUY STORES, L.P., ("Best Buy") by

their attorneys, THE HUNT LAW GROUP, LLC, and HEWLETT-PACKARD COMPANY, by

their attorneys, BELL, BOYD & LLOYD, L.L.P., hereby give notice that this action has been

removed from the Cook County Circuit Court, Law Division, of the State of Illinois, to the

United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28

U.S.C. §§ 1332, 1441, and 1446, and respectfully state to the Court as follows:

  1.  The plaintiff filed a civil complaint, captioned *Patricia D. Ferraro v. Best Buy*

*Co., Inc., a corporation; and Best Buy Stores, L.P., a limited partnership; and Hewlett-Packard*

*Company, a corporation,* on May 9, 2008. The complaint alleges that the plaintiff sustained

injuries of a personal and pecuniary nature from the overheating of a HEWLETT-PACKARD

notebook computer's power cord purchased from a Best Buy store. (See Complaint at Law,

attached hereto as Exhibit A.)

30168/bmc

2.    Best Buy was served with the complaint on May 27, 2008.  (See Summons and Proof of Service, attached hereto as <u>Exhibit B</u>.)

3.    HEWLETT-PACKARD was served with the complaint on May 27, 2008.  (See Summons and Proof of Service, attached hereto as <u>Exhibit C</u>.)

4.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, and this action may be removed to this Court by the defendant pursuant to 28 U.S.C. § 1441(a) because it is a civil action between citizens of different states, the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and this Court is the District Court of the United States for the district and division encompassing the place where the action is pending.

5.    The plaintiff, Patricia D. Ferraro, is now and was at the time of the commencement of this lawsuit a resident and citizen of the State of Illinois, and is not a resident or citizen of the same state as the defendant.  (See letter, dated June 24, 2008, attached hereto as <u>Exhibit D</u>.)  Specifically, the plaintiff is employed by the City of Chicago as a member of the Chicago Police Department.  (See *id.*)

6.    The plaintiff named BEST BUY CO., INC., as a defendant in this case.  BEST BUY CO., INC., is a Minnesota Corporation with is principal place of business in Richfield, Minnesota.

7.    The plaintiff named BEST BUY STORES, L.P., as a defendant in this case.  To determine the citizenship of a partnership, the citizenship of each of its partnership layers and/or members must be traced through to confirm that diversity exists.  *See, Hart v. Terminex Intern.* 336 F.3d 541, 543 (7th Cir. 2003).  BEST BUY STORES, L.P., is a Virginia Limited Partnership with its principal place of business in Richfield, Minnesota.

8.    BEST BUY STORES, L.P., is comprised of a general partner and a limited partner. The general partner of BEST BUY STORES, L.P., is BBC Property Co. BBC Property Co., is a Minnesota Corporation with its principal place of business in Richfield Minnesota. The limited partner of BEST BUY STORES, L.P., is BBC Investment Co., a Nevada Corporation with its principal place of business in Richfield, Minnesota.

9.    The plaintiff named HEWLETT-PACKARD COMPANY as a defendant in this case. HEWLETT-PACKARD COMPANY is a Delaware corporation, with its principal place of business in Palo Alto, California.

10.    Accordingly, neither BEST BUY CO., INC., BEST BUY STORES, L.P., nor HEWLETT-PACKARD COMPANY is a citizen or resident of the same state as the plaintiff and there is complete diversity between each of the defendants and the plaintiff pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(b).

11.    As previously noted, for diversity jurisdiction to exist as a proper basis of removal, the matter in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a).

12.    The plaintiff's complaint includes a prayer for "an amount in excess of $50,000.00," which is the minimum jurisdictional requirement for lawsuits filed in the Law Division of the Cook County Circuit Court. In addition, the plaintiff's counsel has filed an affidavit, pursuant to Illinois Supreme Court Rule 222, stating that damages exceed $50,000.00. The allegations of the plaintiff's complaint are strict products liability, negligence, and breach of implied warranty. The plaintiff seeks damage for "injuries of a personal and pecuniary nature." (See Exhibit A.) During a telephone conference with one of Hewlett-Packard's counsel, the

30168/bmc

plaintiff's counsel advised Hewlett-Packard's counsel that the plaintiff seeks to recover damages in excess of $75,000 for the injuries alleged in the Complaint. (See <u>Exhibit D</u>)

13.   Accordingly, the defendants state that it is their in good faith belief that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

14.   This Notice of Removal is being filed within the thirty days of the receipt of the plaintiff's complaint as prescribed by 28 U.S.C. § 1446(b).  Plaintiff's complaint was filed on May 9, 2008 and the defendants were served with a copy of the complaint on May 27, 2008. This notice is filed on June 25, 2008, within thirty days of the date of service of plaintiff's complaint. (See <u>Exhibit B</u>.)

15.   A true and accurate copy of this Notice of Removal will be filed with the clerk of the Circuit Court of Cook County, Illinois promptly after the filing of this Notice of Removal. Written notice of the filing of this Notice of Removal and a copy of the Notice of Removal will also be provided to plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

16.   Attached to this Notice of Removal are true and correct copies of all process, pleadings, and orders filed in the aforesaid action.  In addition to the complaint, summonses and proof of service affidavits, attached above, the remaining state court filings are attached hereto as <u>Exhibit E.</u>

30168/bmc

WHEREFORE, the defendants, BEST BUY CO., INC., BEST BUY STORES, L.P., and

HEWLETT-PACKARD COMPANY hereby give notice that the matter captioned *Patricia D.*

*Ferraro v. Best Buy Co., Inc., a corporation; and Best Buy Stores, L.P., a limited partnership;*

*and Hewlett-Packard Company, a corporation,* Case No. 08 L 005182 filed in the Law Division

of the Cook County Circuit Court in the State of Illinois is removed to the United States District

Court for the Northern District of Illinois, Eastern Division.

### THE DEFENDANTS DEMAND A TRIAL BY JURY.

Respectfully submitted,

By:  s/ W. Scott Trench
W. Scott Trench

Brian J. Hunt (6208379)
W. Scott Trench (6270751)
THE HUNT LAW GROUP, LLC
Attorneys for Defendants, BEST BUY CO., INC.
and BEST BUY STORES, L.P.
225 W. Washington St., 18th Floor
Chicago, Illinois 60606
312-284-2300 (phone)
312-443-9391 (fax)
bhunt@hunt-lawgroup.com
strench@hunt-lawgroup.com

By:  s/Michael J. Hayes, Sr.
Michael J. Hayes

Michael J. Hayes, Sr. (1161725)
Daniel J. Hayes (6243089)
BELL, BOYD & LLOYD, LL.P.
Attorneys for Defendant, HEWLETT-PACKARD
70 W. Madison St., #3100
Chicago, IL 60602
312-372-1121 (phone)
312-827-8000 (fax)
mhayes@bellboyd.com
dhayes@bellboyd.com

# EXHIBIT A

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| PATRICIA D. FERRARO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| BEST BUY CO., INC., a corporation; | ) |
| and BEST BUY STORES, L.P., | ) |
| a limited partnership, and; | ) |
| HEWLETT-PACKARD COMPANY, | ) |
| a corporation, | ) |
| | ) |
| Defendants. | ) Plaintiff Demands Trial By Jury |

## COMPLAINT AT LAW

### COUNT I

**Strict Liability/Best Buy Co., Inc./Unsafe Power Cord/Personal Injuries**

Plaintiff, PATRICIA D. FERRARO ("FERRARO"), complaining of defendant, BEST

BUY CO., INC., ("BEST BUY") a corporation, states:

1.    On and before May 12, 2006, BEST BUY was in the business of selling and/or

distributing laptop computers at a store commonly known as "Best Buy" located at 11

Countryside Plaza Countryside, Illinois 60525.

2.    On and before May 12, 2006, BEST BUY placed certain laptop computers into

the stream of commerce.

3.    On and before May 12, 2006, FERRARO bought from BEST BUY a new

notebook laptop computer which was designed and manufactured by defendant HEWLETT

PACKARD COMPANY ("HP") bearing serial number F3-06010008230B.

4.    Shortly thereafter, FERRARO was using the HP laptop computer when the power

cord overheated while it was resting on or near plaintiff's right forearm.

5.    On May 12, 2006, and at the time it left the control of defendant, BEST BUY, the subject HP laptop was defective and in an unsafe condition in one or more of the following ways:

a.    It was manufactured and sold without adequate protection or insulation on its power cord to prevent overheating during normal and foreseeable use; and,

b.    It was manufactured and sold without adequate or sufficient warnings on instructions to purchasers such as plaintiff that it could overheat during normal or foreseeable use.

6.    As a proximate result of one or more of the foregoing defective and unsafe conditions in the subject HP laptop computer, FERRARO, sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, BEST BUY CO., INC., for a sum in excess of jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT II

**Negligence /Best Buy Co., Inc./Unsafe Power Cord/Personal Injuries**

Plaintiff, PATRICIA D. FERRARO ("FERRARO"), complaining of defendant, BEST BUY CO., INC., ("BEST BUY") a corporation, states:

1.    On and before May 12, 2006, BEST BUY owned, operated, managed, maintained and/or controlled a certain business commonly known as "Best Buy" located at 11 Countryside Plaza Countryside, Illinois  60525.

2.    On May 12, 2006, BEST BUY sold laptop computers designed, manufactured and distributed by defendant Hewlett-Packard Company ("HP").

3.    On May 12, 2006, FERRARO purchased from BEST BUY a new HP notebook laptop bearing serial number F3-06010008230B.

4.      Shortly thereafter, FERRARO was using said laptop computer when the power cord overheated while it was resting on and in close proximity to plaintiff's right forearm.

5.      On and before May 12, 2006, defendant, BEST BUY, was negligent in one or more of the following ways:

   a.      Failed to adequately and properly inspect the laptop to ascertain whether it was safe;

   b.      Failed to adequately and properly warn that the power cord could overheat, and,

   c.      Failed to remove from its shelves said laptop when it knew or should have known it was necessary for safety to do so.

6.      As a proximate result of one or more of the foregoing negligent acts or omissions plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, BEST BUY CO., INC., for a sum in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT III

### Breach of Implied Warranty of Merchantability/Best Buy Co., Inc.

Plaintiff, PATRICIA FERRARO, complaining of defendant, BEST BUY CO., INC., a corporation, states:

1.      On and before May 12, 2006, defendant BEST BUY was a merchant in the business of selling laptop computers.

2.      On and before May 12, 2006, BEST BUTY sold laptop computers into the stream of commerce in Illinois.

3.      On May 12, 2006, BEST BUY sold a HP notebook laptop computer to FERRARO.

4.     At all times relevant, Defendant BEST BUY knew the ordinary purpose for which the aforesaid laptop computer would be used.

5.     Defendant BEST BUY warranted by implication at the time of sale in accordance with the Illinois Compiled Statutes that the laptop computers were reasonably fit, sufficient and of merchantable quality for their intended and/or foreseeable use.

6.     Defendant BEST BUY breached its implied warranty of merchantability by selling the laptop computer in an unfit and unsuitable condition for the purpose for which it was placed into the stream of commerce.

7.     The unfitness of the aforesaid HP laptop computer existed at the time of sale and continued until the Plaintiff, PATRICIA FERRARO, was injured on May 17, 2006.

8.     As a direct and proximate result of the aforesaid breaches of the implied warranty of merchantability, Plaintiff, FERRARO sustained injuries of a personal and pecuniary nature.

9.     On May 17, 2006, as plaintiff was using the HP laptop computer, the powercord overheated and she sustained injuries.

10.     On and before May 17, 2006, defendant BEST BUY breached the implied warranty of merchantability in one or more of the following respects:

    (a)     It sold the laptop computer without adequate protection or insulation on its power cord to prevent overheating during normal and foreseeable use; and,

    (b)     It sold the laptop computer without adequately warning the user, including plaintiff, regarding the danger that the power cord could overheating during normal and foreseeable use.

11.     As a proximate result of one or more of the breaches of the implied warranty of fitness for patent purposes, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

-4-

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, BEST BUY CO., INC., a corporation, for a sum in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

### COUNT IV

**Strict Liability/Best Buy Stores, LLP/Unsafe Power Cord/Personal Injuries**

1.    On and before May 12, 2006, BEST BUY STORES, LLP ("BEST BUY STORES") was in the business of selling and/or distributing laptop computers designed and manufactured by defendant Hewlett-Packard Company ("HP").

2.    On and before May 12, 2006, BEST BUY STORES placed certain HP laptop computers into the stream of commerce.

3.    On and before May 12, 2006, plaintiff, PATRICIA FERRARO, bought from BEST BUY STORES a HP notebook laptop bearing serial number F3-06010008230B.

4.    Shortly thereafter, plaintiff was using the laptop computer when the power cord overheated while it was resting on or near plaintiff's right forearm.

5.    On May 12, 2006, and at the time it left the control of defendant, BEST BUY STORES, the laptop was defective and in an unsafe condition in one or more of the following ways:

   a.    It was manufactured and sold without adequate protection from overheating during normal and foreseeable use; and,

   b.    It was manufactured and sold without adequate or sufficient warnings on instructions to purchasers such as plaintiff that it could overheat during normal or foreseeable use.

6.    As a proximate result of one or more of the foregoing defective and unsafe conditions in the laptop computer, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, BEST BUY STORES, L.P., for a sum in excess of jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT V

**Negligence /Best Buy Stores, L.P. /Unsafe Power Cord/Personal Injuries**

Plaintiff, PATRICIA D. FERRARO ("FERRARO"), complaining of defendant, BEST BUY STORES, L.P. ("BEST BUY STORES"), a corporation, states:

1.    On and before May 12, 2006, BEST BUY STORES owned, operated, managed, maintained and/or controlled a certain business commonly known as "Best Buy" located at 11 Countryside Plaza Countryside, Illinois 60525.

2.    On May 12, 2006, BEST BUY STORES sold laptop computers designed, manufactured and distributed by defendant HP.

3.    On May 12, 2006, plaintiff, PATRICIA FERRARO, purchased from BEST BUY STORES a new HP notebook laptop, serial number F3-06010008230B.

4.    Shortly thereafter, plaintiff was using said laptop when the power cord overheated while it was resting on and in close proximity to plaintiff's right forearm.

5.    On and before May 12, 2006, defendant, BEST BUY STORES, was negligent in one or more of the following ways:

      a.    Failed to adequately and properly inspect the laptop to ascertain whether it was safe;

      b.    Failed to adequately and properly warn that the power cord could overheat, and,

      c.    Failed to remove from its shelves said laptop when it knew or should have known it was necessary for safety to do so.

6.    As a proximate result of one or more of the foregoing negligent acts or omissions plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, BEST BUY STORES, L.P. for a sum in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT VI

### Breach of Implied Warranty of Merchantability/Best Buy Stores, L.P.

Plaintiff, PATRICIA FERRARO ("FERRARO"), complaining of defendant, BEST BUY STORES, L.P. ("BEST BUY STORES"), a corporation, states:

1.    On and before May 12, 2006, defendant BEST BUY STORES was a merchant in the business of selling laptop computers.

2.    On and before May 12, 2006, BEST BUY STORES sold laptop computers into the stream of commerce in Illinois.

3.    On May 12, 2006, BEST BU STORES sold a HP notebook laptop computer to FERRARO.

4.    At all times relevant, Defendant BEST BUY STORESknew the ordinary purpose for which the aforesaid laptop computer would be used.

5.    Defendant BEST BUY STORES warranted by implication at the time of sale in accordance with the Illinois Compiled Statutes that the laptop computers were reasonably fit, sufficient and of merchantable quality for their intended and/or foreseeable use.

6.    Defendant BEST BUY STORES breached its implied warranty of merchantability by selling the laptop computer in an unfit and unsuitable condition for the purpose for which it was placed into the stream of commerce.

7. The unfitness of the aforesaid HP laptop computer existed at the time of sale and continued until FERRARO was injured on May 17, 2006.

8. As a direct and proximate result of the aforesaid breaches of the implied warranty of merchantability, Plaintiff, FERRARO sustained injuries of a personal and pecuniary nature.

9. On May 17, 2006, as plaintiff was using the HP laptop computer, the powercord overheated and she sustained injuries.

10. On and before May 17, 2006, defendant BEST BUY STORES breached the implied warranty of merchantability in one or more of the following respects:

      (a) it sold the laptop computer without adequate protection or insulation on its power cord to prevent overheating during normal and foreseeable use; and,

      (b) it sold the laptop computer without adequately warning the user, including plaintiff, regarding the danger that the power cord could overheating during normal and foreseeable use.

11. As a proximate result of one or more of the breaches of the implied warranty of fitness for patent purposes, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, BEST BUY CO., INC., a corporation, for a sum in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT VII

### Strict Liability/Hewlett-Packard Company /Unsafe Power Cord/Personal Injuries

Plaintiff, PATRICIA FERRARO ("FERRARO"), complaining of defendant, HEWLETT-PACKARD COMPANY ("HP"), a corporation, states:

1.     On and before May 12, 2006, HP was in the business of selling and/or distributing laptop computers.

2.     On and before May 12, 2006, HP placed certain laptop computers into the stream of commerce.

3.     On and before May 12, 2006, plaintiff, PATRICIA FERRARO, bought from HP a HP notebook laptop, serial number F3-06010008230B.

4.     Shortly thereafter, plaintiff was using the laptop computer when the power cord overheated while it was resting on or near plaintiff's right forearm.

5.     On May 12, 2006, and at the time it left the control of defendant, HP, the laptop was defective and in an unsafe condition in one or more of the following ways:

      a.     It was manufactured and sold without adequate protection from overheating during normal and foreseeable use; and,

      b.     It was manufactured and sold without adequate or sufficient warnings on instructions to purchasers such as plaintiff that it could overheat during normal or foreseeable use.

6.     As a proximate result of one or more of the foregoing defective and unsafe conditions in the laptop computer, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, HEWLETT-PACKARD COMPANY, for a sum in excess of jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT VIII

### Negligence – HEWLETT-PACKARD COMPANY/Unsafe Power Cord/Personal Injuries

Plaintiff, PATRICIA D. FERRARO, complaining of defendant, HEWLETT-PACKARD COMPANY ("HP"), a corporation, states:

1.      On and before May 12, 2006, HP owned, operated, managed, maintained and/or controlled a certain business commonly known as "Best Buy" located at 11 Countryside Plaza Countryside, Illinois 60525.

2.      On May 12, 2006, HP sold laptop computers designed, manufactured and distributed by defendant HP.

3.      On May 12, 2006, plaintiff, PATRICIA FERRARO, purchased from HP a new HP notebook laptop, serial number F3-06010008230B.

4.      Shortly thereafter, plaintiff was using said laptop when the power cord overheated while it was resting on and in close proximity to plaintiff's right forearm.

5.      On and before May 12, 2006, defendant, HP, was negligent in one or more of the following ways:

> a.      Failed to adequately and properly inspect the laptop to ascertain whether it was safe;
>
> b.      Failed to adequately and properly warn that the power cord could overheat,; and,
>
> c.      Failed to equip the power cord with adequate and sufficient insulation to prevent overheating during normal and foreseeable use.

6.      As a proximate result of one or more of the foregoing negligent acts or omissions plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, HEWLETT-PACKARD COMPANY, for a sum in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT IX

**Breach of Implied Warranty of Merchantability/Hewlett-Packard Company**

Plaintiff, PATRICIA D. FERRARO, complaining of defendant, HEWLETT-PACKARD COMPANY ("HP"), a corporation, states:

1.    On and before May 12, 2006, defendant HP was a merchant in the business of manufacturing and selling laptop computers.

2.    On and before May 12, 2006, HP maintained and sold laptop computers into the stream of commerce in Illinois.

3.    On May 12, 2006, FERRARO bought a HP notebook laptop computer at BEST BUY.

4.    At all times relevant, Defendant HP knew the ordinary purpose for which the aforesaid laptop computer would be used.

5.    Defendant HP warranted by implication at the time of sale in accordance with the Illinois Compiled Statutes that the laptop computers were reasonably fit, sufficient and of merchantable quality for their intended and/or foreseeable use.

6.    Defendant HP breached its implied warranty of merchantability by selling the laptop computer in an unfit and unsuitable condition for the purpose for which it was placed into the stream of commerce.

7.    The unfitness of the aforesaid HP laptop computer existed at the time of sale and continued until the Plaintiff, PATRICIA FERRARO, was injured on May 17, 2006.

8.    As a direct and proximate result of the aforesaid breaches of the implied warranty of merchantability, Plaintiff, FERRARO sustained injuries of a personal and pecuniary nature.

9.    On May 17, 2006, as plaintiff was using the HP laptop computer, the powercord overheated and she sustained injuries.

-11-

10.    On and before May 17, 2006, defendant HP breached the implied warranty of

merchantability in one or more of the following respects:

        (a)    It manufactured and sold the laptop computer without adequate protection
or insulation on its power cord to prevent overheating during normal and
foreseeable use; and,

        (b)    It manufactured and sold the laptop computer without adequately warning
the user, including plaintiff, regarding the danger that the power cord
could overheating during normal and foreseeable use.

11.    As a proximate result of one or more of the breaches of the implied warranty of

fitness for patent purposes, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and

pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant,

HEWLETT-PACKARD COMPANY, a corporation, for a sum in excess of the jurisdictional

limit of the Law Division of the Circuit Court of Cook County, Illinois.


                        _____
                        Francis P. Morrissey


Francis P. Morrissey
Michael G. Mahoney
**Burke, Mahoney & Wise**
161 North Clark Street
Suite 2240
Chicago, IL 60601
312-580-2040

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| PATRICIA D. FERRARO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| BEST BUY CO., INC., a corporation; | ) |
| and BEST BUY STORES, L.P., | ) |
| a limited partnership, and; | ) |
| HEWLETT-PACKARD COMPANY, | ) |
| a corporation, | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT

I, Francis P. Morrissey, state under oath:

1.      I am an attorney associated with Burke, Mahoney & Wise and am responsible for

filing of the Complaint at Law in this matter.

2.      The total of money damages sought by plaintiff does exceed $50,000.00,

exclusive of interest and costs.


_____
Francis P. Morrissey


SUBSCRIBED and SWORN to before me
this ___ day of _____, _____

OFFICIAL SEAL
Nancy Garey
Notary Public - State of Illinois
My Commission Expires 04/24/2010

**Burke, Mahoney & Wise**
161 North Clark Street
Suite 2240
Chicago, IL 60601
312-580-2040

# EXHIBIT B

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(12/3/01) CCG0001

38901    FPM:nc    05/09/08    08-18

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

PATRICIA D. FERRARO,                     )
                    Plaintiff,           )
                                         )
v.                                       )    No.
                                         )
BEST BUY CO., INC., a corporation;       )    **Please Serve:**
and BEST BUY STORES, L.P.,               )
a limited partnership, and;              )    Best Buy Co., Inc., by serving their
HEWLETT-PACKARD COMPANY,                 )    their R/A:  CT Corporation System
a corporation,                           )    208 S. LaSalle Street, Suite 814
                                         )    Chicago, IL 60604
                    Defendants.          )

2008L005182
CALENDAR/ROOM A
TIME 00:00
Product Liability

**SUMMONS**

000155-1.3.1 05/09/08 16:11
REF CASE     # 08L 005182
1 LAW                          50.00
1 ILLEGE                       10.00

**To each defendant:**

   **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

CASE TOTAL          60.00 %

☒    Richard J. Daley Center, 50 W. Washington, Room _____801_____, Chicago, Illinois 60602

☐    District 2 – Skokie          ☐    District 3 – Rolling Meadows      ☐    District 4 – Maywood
      5600 Old Orchard Rd.                2121 Euclid                            1500 Maybrook Ave.
      Skokie, IL 60077                    Rolling Meadows, IL 60008             Maywood, IL 60153

☐    District 5 – Bridgeview      ☐    District 6 – Markham
      1022 S. 76th Ave.                   16501 S. Kedzie Pkwy.
      Bridgeview, IL 60455               Markham, IL 60426

**You must file within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

   This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.:_____38901_____                    WITNESS, _____**MAY 0 9 2008**_____
Name.: Francis P. Morrissey/Burke, Mahoney & Wise                **DOROTHY BROWN**
Atty. For:_____Plaintiff_____
Address:_____161 N. Clark Street_____        Clerk of Court
City/State/Zip: Chicago, IL 60601            Date of service:_____,_____
Telephone:_____(312) 580-2040_____           (To be inserted by officer on copy left with defendant
                                             or other person)

Service by Facsimile Transmission will be accepted at:_____
                                                      (Area Code) (Facsimile Telephone Number)
**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

TYPE LAW          SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS

SHERIFF'S NUMBER 059167-001L CASE NUMBER 08L005182    DEPUTY:_____ STROM 3696-

FILED DT 05-09-2008 RECEIVED DT 05-09-2008 DIE DT 06-03-2008 MULTIPLE SERVICE    1
  DEFENDANT                                    ATTORNEY
BEST BUY CO., INC.                             FRANCIS P. MORRISSEY
208 S LA SALLE ST                              X
CHICAGO IL. 60604                              X XX. 00000
STE 814                                        312 580-2040
PLAINTIFF PATRICIA D. FERRARO

SERVICE INFORMATION: SP  CT CORP

*********************************************************************************
(A)  I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

.....1 PERSONAL SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
       NAMED DEFENDANT PERSONALLY.
.....2 SUBSTITUTE SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
       AT THE DEFENDANT'S USUAL PLACE  OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
       RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
       THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE
       _____ DAY OF _____ 20___, IN A SEALED ENVELOPE WITH POSTAGE FULLY
       PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
       SAID PARTY REFUSED NAME
.....3 SERVICE ON:  CORPORATION _X_ COMPANY ____ BUSINESS ___ PARTNERSHIP ____
       BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
       REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER  OF THE DEFENDANT.
.....4 CERTIFIED MAIL____

(B)  THOMAS J. DART, SHERIFF, BY: _____, DEPUTY  3696-
     1  SEX  M/F  RACE  W  AGE  60
     2  NAME OF DEFENDANT BEST BUY CO., INC.
        WRIT SERVED ON _____
        THIS 27 DAY OF MAY, 20 08 TIME 10:30 A.M./P.M.

ADDITIONAL REMARKS _____

*********************************************************************************
THE NAMED DEFENDANT WAS NOT SERVED

TYPE OF BLDG _____            ATTEMPTED SERVICES

NEIGHBORS NAME _____            DATE      TIME A.M./P.M.

    ADDRESS _____          _____  __:__ _____

    REASON NOT SERVED:                    _____  __:__ _____
                  07 EMPLOYER REFUSAL     _____  __:__ _____
__ 01 MOVED       08 RETURNED BY ATTY     _____  __:__ _____
__ 02 NO CONTACT  09 DECEASED             _____  __:__ _____
__ 03 EMPTY LOT   10 BLDG DEMOLISHED      _____  __:__ _____
__ 04 NOT LISTED  11 NO REGISTERED AGT.   _____  __:__ _____
__ 05 WRONG ADDRESS 12 OTHER REASONS      _____  __:__ _____
__ 06 NO SUCH ADDRESS 13 OUT OF COUNTY    _____  __:__ _____
                                          _____  __:__ _____

FEE  .00  MILEAGE  .00  TOTAL  .00                    SG27

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** | (12/3/01) CCG0001 |

38901    FPM:nc    05/09/08    08-18

### IN THE CIRCUIT COURT OF COOK COUNTY
### COUNTY DEPARTMENT, LAW DIVISION

PATRICIA D. FERRARO,                    )
                    Plaintiff,          )
                                        )       2008L005182
v.                                      )       No.    CALENDAR/ROOM A
                                        )              TIME 00:00
BEST BUY CO., INC., a corporation;      )              Product Liability
and BEST BUY STORES, L.P.,              )       **Please Serve:**
a limited partnership, and;             )
HEWLETT-PACKARD COMPANY,                )       Best Buy Stores, L.P., by serving their
a corporation,                          )       their R/A:  CT Corporation System
                                        )       208 S. LaSalle Street, Suite 814
                    Defendants.         )       Chicago, IL 60604

### SUMMONS

**To each defendant:**

**YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

[x]    Richard J. Daley Center, 50 W. Washington, Room ____801____, Chicago, Illinois 60602

| | | | |
|---|---|---|---|
| ☐ | District 2 – Skokie<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ | District 3 – Rolling Meadows<br>2121 Euclid<br>Rolling Meadows, IL 60008 |
| ☐ | District 5 – Bridgeview<br>1022 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ | District 6 – Markham<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 |

District 4 – Maywood
1500 Maybrook Ave.
Maywood, IL 60153

**You must file within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

**MAY 0 9 2008**

Atty. No.:_____38901_____                    WITNESS, _____
Name.: Francis P. Morrissey/Burke, Mahoney & Wise
Atty. For:_____Plaintiff_____                    **DOROTHY BROWN**
Address:_____161 N. Clark Street_____
City/State/Zip:_____Chicago, IL  60601_____        Clerk of Court
Telephone:_____(312) 580-2040_____                 Date of service:_____
                                                   (To be inserted by officer on copy left with defendant
                                                   or other person)

Service by Facsimile Transmission will be accepted at:_____

(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

TYPE LAW                    SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS

SHERIFF'S NUMBER 059169-101L CASE NUMBER 08L005182     DEPUTY: _____

**STROM 3696-**

FILED DT 05-09-2008 RECEIVED DT 05-09-2008 DIE DT 06-03-2008 MULTIPLE SERVICE   1
DEFENDANT                                    ATTORNEY
BEST BUY STORES, L.P.                         FRANCIS P. MORRISSEY
208 S LA SALLE ST                             X
CHICAGO IL. 60604                             X XX. 00000
STE 814                                       312 580-2040
PLAINTIFF PATRICIA D. FERRARO

SERVICE INFORMATION: SP  CT CORP

**********************************************************************************
(A)  I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

.....1 PERSONAL SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
        NAMED DEFENDANT PERSONALLY.
.....2 SUBSTITUTE SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
        AT THE DEFENDANT'S USUAL PLACE  OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
        RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
        THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE
        _____ DAY OF _____ 20 __ , IN A SEALED ENVELOPE WITH POSTAGE FULLY
        PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
        SAID PARTY REFUSED NAME
.....3 SERVICE ON:  CORPORATION  ✓ COMPANY   BUSINESS   PARTNERSHIP _____
        BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
        REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER  OF THE DEFENDANT.
.....4 CERTIFIED MAIL _____

(B)  THOMAS J. DART, SHERIFF, BY: _____ , DEPUTY **3696-**
    1  SEX ___ M/F ___ RACE _W_ AGE _60_
    2  NAME OF DEFENDANT BEST BUY STORES, L.P.
        WRIT SERVED ON ____D. Schulz___ AP
    THIS _27_ DAY OF _MAY_ 200_8_ TIME _10:3_ A.M. P.M.

    ADDITIONAL REMARKS _____

**********************************************************************************

THE NAMED DEFENDANT WAS NOT SERVED.

    TYPE OF BLDG _____         ATTEMPTED SERVICES

NEIGHBORS NAME _____      DATE      TIME  A.M./P.M.

        ADDRESS _____      _____   ___:___ _____

        REASON NOT SERVED:                 _____   ___:___ _____
                    07 EMPLOYER REFUSAL    _____   ___:___ _____
    01 MOVED        08 RETURNED BY ATTY     _____   ___:___ _____
    02 NO CONTACT   09 DECEASED             _____   ___:___ _____
    03 EMPTY LOT    10 BLDG DEMOLISHED      _____   ___:___ _____
    04 NOT LISTED   11 NO REGISTERED AGT.   _____   ___:___ _____
    05 WRONG ADDRESS 12 OTHER REASONS       _____   ___:___ _____
    06 NO SUCH ADDRESS 13 OUT OF COUNTY     _____   ___:___ _____

    _____                                 _____   ___:___ _____

FEE   .00   MILEAGE    .00   TOTAL   .00                    SG27

# EXHIBIT C

2120 - Served                        2121 - Served
222   Not Served                     2221 - Not Served
2320 - Served By Mail                2321 - Served By Mail
2420 - Served By Publication         2421 - Served By Publication
**SUMMONS**                          **ALIAS - SUMMONS**                    (12/3/01) CCG0001
38901     FPM:nc     05/09/08     08-18

### IN THE CIRCUIT COURT OF COOK COUNTY
### COUNTY DEPARTMENT, LAW DIVISION

PATRICIA D. FERRARO,                          )
                        Plaintiff,            )          2008L0
                                              )          CALENDAR/ROOM A
    v.                                        )   No.    TIME 00:00
                                              )          Product Liability
BEST BUY CO., INC., a corporation;            )
and BEST BUY STORES, L.P.,                    )   **Please Serve:**
a limited partnership, and;                   )
HEWLETT-PACKARD COMPANY,                       )   Hewlettt-Packard Company, by serving
a corporation,                                )   their R/A:  CT Corporation System
                                              )   208 S. LaSalle Street, Suite 814
                        Defendants.           )   Chicago, IL 60604   CASHIER: GINNY

#### SUMMONS                                        000157-1.3.1 05/09/08 16:12
**To each defendant:**                              REF CASE   # OBL 005182
    **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is here-
attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the
following location:                                 CASE TOTAL          60.00
                                                                TOTAL    100.00 TL
☒    Richard J. Daley Center, 50 W. Washington, Room ____801____, Chicago, Illinois 60602
                                                    CASHIER: GINNY

☐    District 2 – Skokie            ☐    District 3 – Rolling Meadows   ☐   District 4 – Maywood
     5600 Old Orchard Rd.                2121 Euclid                       1500 Maybrook Ave.
     Skokie, IL 60077                    Rolling Meadows, IL 60008         Maywood, IL 60153

☐    District 5 – Bridgeview        ☐    District 6 – Markham
     1022 S. 76th Ave.                   16501 S. Kedzie Pkwy.
     Bridgeview, IL 60455                Markham, IL 60426

**You must file within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO
SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN
THE COMPLAINT.**

To the officer:
    This summons must be returned by the officer or other person to whom it was given for service, with endorsement
of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so
endorsed. This summons may not be served later than 30 days after its date.

                                                              MAY 0 9 2008

Atty. No.:_____38901_____               WITNESS, _____
Name.: Francis P. Morrissey/Burke, Mahoney & Wise
Atty. For:_____Plaintiff_____                   DOROTHY BROWN
Address:_____161 N. Clark Street_____
City/State/Zip:_Chicago, IL  60601____  Clerk of Court
Telephone:_____(312) 580-2040_____      Date of service:_____
                                        (To be inserted by officer on copy left with defendant
                                                    or other person)

Service by Facsimile Transmission will be accepted at:_____
                                        (Area Code) (Facsimile Telephone Number)
**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

TYPE LAW          SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS

STROM 3696-

SHERIFF'S NUMBER 059171-101L CASE NUMBER 08L005182    DEPUTY: _____

FILED DT 05-09-2008 RECEIVED DT 05-09-2008 DIE DT 06-03-2008 MULTIPLE SERVICE    1
    DEFENDANT                              ATTORNEY
HEWITT-PACKARD COMPANY                    FRANCIS P. MORRISSEY
208 S LA SALLE ST                        X
CHICAGO IL. 60604                        X XX. 00000
STE 814                                  312 580-2040
PLAINTIFF PATRICIA D. FERRARO

SERVICE INFORMATION: SP  CT CORP

********************************************************************************
(A)  I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

.....1 PERSONAL SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
       NAMED DEFENDANT PERSONALLY.
.....2 SUBSTITUTE SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
       AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
       RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
       THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE
            _____ DAY OF _____ 20___, IN A SEALED ENVELOPE WITH POSTAGE FULLY
       PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
       SAID PARTY REFUSED NAME
.....3 SERVICE ON:  CORPORATION  ☑ COMPANY   BUSINESS    PARTNERSHIP
       BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
       REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT.
.....4 CERTIFIED MAIL _____

(B)  THOMAS J. DART, SHERIFF, BY: _____, DEPUTY 3696-

    1  SEX ___M/F___  RACE _W_  AGE _40_
    2  NAME OF DEFENDANT HEWITT-PACKARD COMPANY
       ___WRIT SERVED ON D. SCHULZ AP
    THIS 27 DAY OF MAY 200 8 TIME 10:30 A.M. P.M.

    ADDITIONAL REMARKS _____

********************************************************************************

THE NAMED DEFENDANT WAS NOT SERVED.

TYPE OF BLDG _____          ATTEMPTED SERVICES

NEIGHBORS NAME _____    DATE      TIME  A.M./P.M.

    ADDRESS _____       _____  ___:___  ____

        REASON NOT SERVED:                 _____  ___:___  ____
                        ___07 EMPLOYER REFUSAL  _____  ___:___  ____
___01 MOVED             ___08 RETURNED BY ATTY   _____  ___:___  ____
___02 NO CONTACT        ___09 DECEASED           _____  ___:___  ____
___03 EMPTY LOT         ___10 BLDG DEMOLISHED     _____  ___:___  ____
___04 NOT LISTED        ___11 NO REGISTERED AGT.  _____  ___:___  ____
___05 WRONG ADDRESS     ___12 OTHER REASONS       _____  ___:___  ____
___06 NO SUCH ADDRESS   ___13 OUT OF COUNTY       _____  ___:___  ____

FEE   .00   MILEAGE   .00   TOTAL   .00              SG27

# EXHIBIT D



# BELL BOYD
## BELL, BOYD & LLOYD LLP

70 West Madison Street, Suite 3100
Chicago, Illinois 60602
312.372.1121 • Fax 312.827.8000

MICHAEL J. HAYES, SR.
312.807.4201
mhayes@bellboyd.com
Direct Fax: 312.827.8176

June 24, 2008

Francis P. Morrissey, Esq.
Burke Mahoney & Wise
161 N. Clark Street, Suite 2240
Chicago, Illinois 60601

**Re:    Patricia Ferraro v. Best Buy Co. and Hewlett-Packard Co.
Case No. 08 L 5182**

Dear Frank:

Thank you for taking the time to discuss the above-noted matter with me today. Specifically, we discussed the claimed value of damages you seek on behalf of your client from the Defendants. During our conversation you advised me that your client seeks damages for the injuries alleged in her complaint in excess of $75,000. Furthermore, in an earlier telephone conference, you have advised me that the Plaintiff is employed by the City of Chicago as a member of the Chicago Police Department.

As you know, I have made this inquiry on behalf of my client in order to ascertain whether this case meets the jurisdictional requirements for removal to the United States District Court. Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Michael J. Hayes, Sr.

MVH:jzl

# **<u>EXHIBIT E</u>**

Civil Action Cover Sheet
(Rev. 5/7/02) CCL 0520

38901  08-18  FPM:nc  05/09/08

| PATRICIA D. FERRARO, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| BEST BUY CO., INC., a corporation, et al., | ) |
| Defendants. | ) |

2008L005182
CALENDAR/ROOM A
TIME 00:00
Product Liability

## CIVIL ACTION COVER SHEET

    A Civil Action Cover Sheet shall be filed with the complaint in all civil actions.  The information contained herein is for administrative purposes only and cannot be introduced into evidence.  Please check the box in front of the appropriate general category and then check the subcategory thereunder, if applicable, which best characterizes your action.

FILED-16
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION
08 MAY -9 PM 3:58

(FILE STAMP)

**Jury Demand**   √ **Yes**   □ **No**

□  **PERSONAL INJURY/WRONGFUL DEATH**

| | | |
|---|---|---|
| □ | 027 | Motor Vehicle |
| □ | 040 | Medical Malpractice |
| □ | 047 | Asbestos |
| □ | 048 | Dram Shop |
| √ | 049 | Product Liability |
| □ | 051 | Construction Injuries (including Structural Work Act, Road Construction Injuries Act and negligence) |
| □ | 052 | Railroad/FELA |
| □ | 053 | Pediatric Lead Exposure |
| □ | 061 | Other Personal Injury/Wrongful Death |
| □ | 063 | Intentional Tort |
| □ | 064 | Miscellaneous Statutory Action *(Please Specify Below**)* |
| □ | 065 | Premises Liability |
| □ | 078 | Fen-phen/Redux Litigation |
| □ | 199 | Silicone Implant |

□  **062 PROPERTY DAMAGE**

□  **066 LEGAL MALPRACTICE**

□  **TAX & MISCELLANEOUS REMEDIES**

| | | |
|---|---|---|
| □ | 007 | Confession of Judgment |
| □ | 008 | Replevin1 |
| □ | 009 | Tax |
| □ | 015 | Condemnation |
| □ | 017 | Detinue |
| □ | 029 | Unemployment Compensation |
| □ | 036 | Administrative Review Action |
| □ | 085 | Petition to Register Foreign Judgment |
| □ | 099 | All Other Extraordinary Remedies |

□  **COMMERCIAL LITIGATION**

| | | |
|---|---|---|
| □ | 002 | Breach of Contract |
| □ | 070 | ProfessionalMalpractice (other than legal or medical) |
| □ | 071 | Fraud |
| □ | 072 | Consumer Fraud |
| □ | 073 | Breach of Warranty |
| □ | 074 | Statutory Action *(Please Specify Below**)* |
| □ | 075 | Other Commercial Litigation *(Please Specify Below**)* |
| □ | 076 | Retaliatory Discharge |

□  **077 LIBEL/SLANDER**

□  **OTHER ACTIONS**

| | | |
|---|---|---|
| □ | 084 | Petition to Issue Subpoena |
| □ | 100 | Petition for Discovery |

** _____

By: _____

√ Atty. No. 38901    □ Pro Se 99500

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

* * * * * N O T I C E * * * * * *

CASE  08-L-005182

FERRARO PATRICIA D          V.          BEST BUY CO INC

THERE WILL BE A CASE MANAGEMENT CALL OF YOUR CASE ON WEDNESDAY
THE  3RD  DAY OF SEPTEMBER IN ROOM 2202 AT  9:30 A.M. AT THE
DALEY CENTER COURT HOUSE, 50 WEST WASHINGTON STREET, CHICAGO, IL

* * * * *     ATTENTION    * * * * * *

ALL ATTORNEYS OF RECORD MUST APPEAR

1910 - No Fee Paid
1919 - Fee Paid
**JURY DEMAND**                                                      CCG-67  (2-81)

38901    FPM:nc    05/09/08    08-18

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

PATRICIA D. FERRARO,                        )
                                            )
                Plaintiff,                  )
                                            )
        v.                                  )    No.
                                            )
BEST BUY CO., INC., a corporation;          )
and BEST BUY STORES, L.P.,                  )
a limited partnership, and;                 )
HEWLETT-PACKARD COMPANY,                    )
a corporation,                             )
                                            )
                Defendants.                 )

2008L005182
CALENDAR/ROOM A
TIME 00:00
Product Liability

**JURY DEMAND**

The undersigned demands a jury trial.

Francis P. Morrissey

**Name:**           Francis P. Morrissey
**Attorney for:**   Plaintiff
**Address:**        161 North Clark
                    Suite 2240
**City:**           Chicago, Il 60601
**Telephone:**      (312) 580-2040
**Atty. No.:**      38901

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

FILED-1
2008 MAY 30  AM 9: 57
CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION
DOROTHY BROWN
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA D. FERRARO, | ) | FILED: JUNE 25, 2008 |
| | ) | 08CV3638 |
| Plaintiff, | ) | JUDGE KENNELLY |
| | ) | MAGISTRATE JUDGE COX |
| v. | ) | No. |
| | ) | TC |
| BEST BUY CO., INC., a corporation; | ) | (Cook County No. 2008 L 005182) |
| and BEST BUY STORES, L.P., | ) | |
| a limited partnership, and; | ) | JURY DEMAND |
| HEWLETT-PACKARD COMPANY, | ) | |
| a corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF FILING

TO:  Francis P. Morrissey          Michael J. Hayes, Sr.
      Michael G. Mahoney          Daniel J. Hayes
      Burke, Mahoney & Wise          Bell Boyd & Lloyd
      161 N. Clark Street, Suite 2240          70 W. Madison Street, Suite 3100
      Chicago, IL 60601          Chicago, IL 60602

**YOU ARE HEREBY NOTIFIED** that on **June 25, 2008,** there was filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANTS' JOINT NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446, ATTORNEY APPEARANCE FORMS,** copies of which are attached hereto.

THE HUNT LAW GROUP, LLC

By:  /s/ W. Scott Trench
        W. Scott Trench
        ID Number 6208397

THE HUNT LAW GROUP, LLC
Attorneys for Defendant
225 W. Washington, 18th Floor
Chicago, Illinois 60606
(312) 384 - 2300

## CERTIFICATE OF SERVICE

I certify, under penalty of perjury that I accomplished service pursuant to ECF as to Filing Users and pursuant to LR 5.5 for all parties that are not Filing Users on the 25th day of June 2008, before 5:00 p.m.

/s/ W. Scott Trench
W. SCOTT TRENCH

THE HUNT LAW GROUP, LLC
Attorneys for Defendant
225 W. Washington, 18th Floor
Chicago, Illinois 60606
(312) 384 - 2300