**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICIA D. FERRARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    1:08-cv-3638 |
| | ) | |
| BEST BUY CO., INC., a corporation; | ) | Judge Kennelly |
| and BEST BUY STORES, L.P., | ) | |
| a limited partnership, and; | ) | Magistrate Judge Cox |
| HEWLETT-PACKARD COMPANY, | ) | |
| a corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS, BEST BUY CO., INC., AND BEST BUY STORES, L.P.'S, MOTION TO DISMISS COUNTS III AND VI OF PLAINTIFF'S COMPLAINT PURSUANT TO FED R. CIV. P. 12(b)(6)

The Defendants, BEST BUY CO., INC., and BEST BUY STORES, L.P. ("Best Buy"), by their attorneys, THE HUNT LAW GROUP, LLC., as for their Motion to Dismiss Counts III and VI of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), state as follows:

## INTRODUCTION AND BACKGROUND

1.     The plaintiff, Patricia D. Ferraro, alleges that, on May 12, 2006, she purchased a Hewlett Packard ("HP") notebook computer from a retail store operated by Best Buy. (See ¶3, Count III of plaintiff's Complaint at Law, a copy of which is attached hereto as Exhibit A.)

2.     The plaintiff alleges that on May 17, 2006, the HP notebook computer's power cord overheated, causing her personal and pecuniary injuries. (Exhibit A, ¶8, Count III.)

3.     On May 9, 2008, the plaintiff filed the instant action in the Circuit Court of Cook County, Illinois, which was subsequently removed to this court by the defendants. The

30168/bmc

plaintiff's complaint alleges strict liability, negligence, and breach of implied warranty of merchantability against Best Buy. (See Exhibit A.)

4.    Counts III and VI allege breach of implied warranty of merchantability against Best Buy and are the subject of this motion to dismiss.

## LEGAL STANDARD FOR FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS AND CHOICE OF LAW

5.    A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In deciding a motion to dismiss for failure to state a claim, the court considers the allegations in the complaint to be true and views all well-pleaded facts and any reasonable inferences drawn from the facts in the light most favorable to the plaintiff. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Dismissal should be granted where it is beyond doubt that the plaintiff cannot prove a set of facts in support of a claim that would entitle it to relief. *Phelan v. City of Chicago*, 347 F.3d 679, 681 (7th Cir. 2003), *Conley v. Gibson*, 78 S.Ct. 99 (1957).

6.    A federal district court with jurisdiction over a state law claim applies the choice of law rules of the state in which it exists. *Caterpillar, Inc. v. Usinor Industeel*, 393 F.Supp.2d 659, 669 (N.D.Ill, 2005). Thus, courts sitting in the Northern District of Illinois should apply Illinois choice of law rules in a diversity case. *Curran v. Kwen*, 153 F.3d 484, 488 (7th Cir. 1998) (7th Circuit applied Illinois choice of law rules in a diversity case). Under Illinois Law, choice of law involves selecting the jurisdiction with the most significant contacts with the transaction and the parties. *Id*. Here, the plaintiff is a resident of Illinois, the sale took place in Illinois, and the alleged injury occurred in Illinois. Thus, Illinois law should apply. Best Buy now moves this Court to dismiss with prejudice Counts III and VI of the plaintiff's Complaint at

2

30168/bmc

Law pursuant to Fed R. Civ. P. 12(b)(6) because the plaintiff has failed to state a claim for which

relief may be granted.

## ARGUMENT

### I.  PLAINTIFF'S COMPLAINT DOES NOT ALLEGE NOTICE AND, THEREFORE, FAILS TO STATE A CLAIM FOR BREACH OF IMPLIED WARRANTY MERCHANTABILITY.

7.    To state a claim for breach of implied warranty of merchantability under Illinois

law, the plaintiff must allege that (1) the good was not merchantable at the time of sale; (2) the

plaintiff suffered damages as a result of the defective good; and (3) the plaintiff gave the

defendant notice of the defect. *Industrial Hard Chrome, Ltd. v. Hetran*, 64 F.Supp.2d 741, 748

(N.D.Ill, 1999).

8.    Because the plaintiff's alleged purchase of the HP notebook computer involves a

sale of goods, she was required under the Illinois Uniform Commercial Code ("UCC") to notify

Best Buy of the alleged defects within a reasonable time after discovering them.  810 ILCS 5/2-

607(3)(a) (West, 2008).  In Illinois, Article 2 of the UCC (819 ILCS 5/1-101, *et seq.*) governs the

remedies available for transactions involving the sale of goods.  *Kemper v. Coachmen*

*Recreational Vehicle Co., LLC*, 408 F.Supp.2d 604, 607 (N.D.Ill, 2006).  Section 2-607(3)(a) of

the Illinois UCC requires that a "buyer must within a reasonable time after he discovers or

should have discovered any breach notify the seller of the breach or be barred from any remedy."

810 ILCS 5/2-607(3)(a) (West, 2008).  The failure to allege notice is fatal to a plaintiff's breach

of warranty claims. *Connick v. Suzuki Motor Co., Inc.*, 174 Ill.2d 482, 495, 675 N.E.2d 584 (Ill.

1996).  [Illinois Supreme Court held that plaintiffs' failure to allege direct notice to car

manufacturer precluded their complaint from fulfilling the section 2-607 notice requirement and

was fatal to their breach of warranty claim.]

30168/bmc

9.     Here, the plaintiff fails to allege in her complaint that she ever gave notice to Best Buy of the alleged defect in the HP notebook computer.  Pursuant to *Industrial Hard Chrome, Ltd. v. Hetran*, 64 F.Supp.2d 741, 748 (N.D.Ill, 1999), a plaintiff must allege that she provided notice of the defect to the defendant.  Such allegation of notice cannot be found in the plaintiff's complaint.  Because the plaintiff failed to allege that she notified Best Buy of the alleged defect in the HP notebook computer, her complaint fails to state a claim upon which relief can be granted for her claims for breach of implied warranty of merchantability against Best Buy.  Thus, Best Buy respectfully requests that this Court dismiss with prejudice Counts III and VI of the plaintiff's Complaint at Law.

## II.    THE FILING OF PLAINTIFF'S COMPLAINT TWENTY-FOUR (24) MONTHS AFTER THE ALLEGED INJURY IS NOT REASONABLE NOTICE TO BEST BUY AS A MATTER OF LAW.

10.     Section 2-607(3)(a) generally requires that the plaintiff contact the seller directly and inform the seller of the problems incurred with the particular product that he has purchased.  However, an exception to the direct notice requirement exists when the seller is found to have been notified within a reasonable time by the plaintiff's complaint alleging a breach of warranty.  *Connick v. Suzuki Motor Co., Inc.*, 174 Ill.2d 482, 495, 675 N.E.2d 584 (Ill. 1996).  Only consumers suffering personal injury may satisfy the notice provisions of Section 2-607(3)(a) by filing a complaint alleging the seller's breach of warranty.  *Id.*

11.     However, not all complaints alleging personal injury serve as timely notice.  In *Branden v. Gerbie*, 62 Ill.App.3d 138, 379 N.E.2d 7 (1st Dist. 1978), the Appellate Court held that plaintiff's fifteen (15) month delay between learning the identity of the manufacturer of her contraceptive device and filing her complaint for personal injuries against that manufacturer, providing notice to it, was not reasonable as a matter of law.  *Id.*  The Appellate Court affirmed

30168/bmc

the trial court's grant of defendant's motion to dismiss. *Id.* Similarly, in *Wagmeister v. A.H. Robins Co.*, 64 Ill.App.3d 964, 382 N.E.2d 23 (1st Dist. 1978), the Appellate Court found that, when the plaintiff learned of the failure of a contraceptive device on October 21, 1972, delivered a stillborn child on February 19, 1973, and did not give notice to the defendant until September 26, 1975, notice was untimely. The court held that, as a matter of law, notice 30 months after the discovery of the defect was not reasonable, and affirmed the trial court's grant of defendant's motion to dismiss. *Id.* at 966-67.

12.    Here, as in *Branden* and *Wagmeister*, the filing of the complaint twenty-four (24) months after the plaintiff's alleged injury is not notice within a reasonable time as a matter of law. The plaintiff alleges that she purchased the HP notebook computer on May 12, 2006, and alleges that she was injured on May 17, 2006, five days later. The plaintiff cannot explain her delay by lack of knowledge as to the identity of Best Buy, having purchased the HP notebook computer at Best Buy only days prior to her alleged injury. There is no reasonable explanation for the nearly twenty-four (24) month delay in providing notice to Best Buy of the alleged defects in the HP notebook computer.

13.    The notice requirement exists to provide a seller an opportunity to cure a defect and minimize damages, to protect its ability to investigate a breach and gather evidence, to encourage negotiation and settlement, and, in the case of a personal injury action, to inform the seller of a need to make changes to its product to avoid future injuries. *Maldonado v. Creative Woodworking Concepts, Inc.*, 296 Ill.App.3d 935, 929, 694 N.E.2d 1021 (3rd Dist. 1998). [The plaintiff's eleven-month delay in filing suit after learning the identity of the manufacturer was not necessarily unreasonable as a matter of law.] The notice requirement protects a defendant from being confronted by stale claims thereby preventing the marshaling of evidence for a

30168/bmc

defense. *Branden*, 62 Ill.App.3d 138 at 141. Here, the plaintiff's failure to provide timely notice prejudiced Best Buy, preventing it from marshaling evidence for its defense. Rather, Best Buy must attempt to investigate the sale of an allegedly defective computer, and plaintiff's allegations that Best Buy failed to warn the plaintiff of the dangers associated with use of the computer, two years after the fact.

14.     Thus, Counts III and VI of the plaintiff's Complaint at Law, alleging breach of the implied warranty of merchantability against Best Buy, should be dismissed with prejudice because (1) the plaintiff does not allege that she provided any notice to Best Buy of the alleged defect in the HP notebook computer; and (2) the filing of the complaint twenty-four (24) months after the alleged accident is not reasonable notice as a matter of law.

WHEREFORE, the defendants, BEST BUY CO., INC. and BEST BUY STORES, L.P. respectfully request that this Court enter an order granting the defendant's Motion to Dismiss Counts III and VI of Plaintiff's Complaint, and for such other relief as this Honorable Court deems just and appropriate.

Respectfully submitted,


By:     s/ W. Scott Trench
        W. Scott Trench

Brian J. Hunt (6208379)
W. Scott Trench (6270751)
THE HUNT LAW GROUP, LLC
Attorneys for Defendant, BEST BUY CO., INC.
and BEST BUY STORES, L.P.
225 W. Washington St., 18th Floor
Chicago, Illinois 60606
312-284-2300 (phone)
312-443-9391 (fax)
bhunt@hunt-lawgroup.com
strench@hunt-lawgroup.com

30168/bmc

## <u>CERTIFICATE OF SERVICE</u>

I certify, under penalty of perjury that I accomplished service pursuant to ECF as to Filing Users and pursuant to LR 5.5 for all parties that are not Filing Users on the 11th day of August 2008, before 5:00 p.m.

/s/ W. Scott Trench
W. SCOTT TRENCH

THE HUNT LAW GROUP, LLC
Attorneys for Defendant
225 W. Washington, 18th Floor
Chicago, Illinois 60606
(312) 384 - 2300

# EXHIBIT A

# IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

PATRICIA D. FERRARO,                )
                                    )
        Plaintiff,               )
                                    )
v.                                  ) No.
                                    )
BEST BUY CO., INC., a corporation;  )
and BEST BUY STORES, L.P.,          )
a limited partnership, and;         )
HEWLETT-PACKARD COMPANY,            )
a corporation,                      )
                                    )
        Defendants.              ) Plaintiff Demands Trial By Jury

## COMPLAINT AT LAW

### COUNT I

#### Strict Liability/Best Buy Co., Inc./Unsafe Power Cord/Personal Injuries

Plaintiff, PATRICIA D. FERRARO ("FERRARO"), complaining of defendant, BEST BUY CO., INC., ("BEST BUY") a corporation, states:

1.      On and before May 12, 2006, BEST BUY was in the business of selling and/or distributing laptop computers at a store commonly known as "Best Buy" located at 11 Countryside Plaza Countryside, Illinois 60525.

2.      On and before May 12, 2006, BEST BUY placed certain laptop computers into the stream of commerce.

3.      On and before May 12, 2006, FERRARO bought from BEST BUY a new notebook laptop computer which was designed and manufactured by defendant HEWLETT PACKARD COMPANY ("HP") bearing serial number F3-06010008230B.

4.      Shortly thereafter, FERRARO was using the HP laptop computer when the power cord overheated while it was resting on or near plaintiff's right forearm.

5.    On May 12, 2006, and at the time it left the control of defendant, BEST BUY, the subject HP laptop was defective and in an unsafe condition in one or more of the following ways:

a.    It was manufactured and sold without adequate protection or insulation on its power cord to prevent overheating during normal and foreseeable use; and,

b.    It was manufactured and sold without adequate or sufficient warnings on instructions to purchasers such as plaintiff that it could overheat during normal or foreseeable use.

6.    As a proximate result of one or more of the foregoing defective and unsafe conditions in the subject HP laptop computer, FERRARO, sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, BEST BUY CO., INC., for a sum in excess of jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT II

### Negligence /Best Buy Co., Inc./Unsafe Power Cord/Personal Injuries

Plaintiff, PATRICIA D. FERRARO ("FERRARO"), complaining of defendant, BEST BUY CO., INC., ("BEST BUY") a corporation, states:

1.    On and before May 12, 2006, BEST BUY owned, operated, managed, maintained and/or controlled a certain business commonly known as "Best Buy" located at 11 Countryside Plaza Countryside, Illinois 60525.

2.    On May 12, 2006, BEST BUY sold laptop computers designed, manufactured and distributed by defendant Hewlett-Packard Company ("HP").

3.    On May 12, 2006, FERRARO purchased from BEST BUY a new HP notebook laptop bearing serial number F3-06010008230B.

4.     Shortly thereafter, FERRARO was using said laptop computer when the power cord overheated while it was resting on and in close proximity to plaintiff's right forearm.

5.     On and before May 12, 2006, defendant, BEST BUY, was negligent in one or more of the following ways:

    a.    Failed to adequately and properly inspect the laptop to ascertain whether it was safe;

    b.    Failed to adequately and properly warn that the power cord could overheat, and,

    c.    Failed to remove from its shelves said laptop when it knew or should have known it was necessary for safety to do so.

6.     As a proximate result of one or more of the foregoing negligent acts or omissions plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, BEST BUY CO., INC., for a sum in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT III

**Breach of Implied Warranty of Merchantability/Best Buy Co., Inc.**

Plaintiff, PATRICIA FERRARO, complaining of defendant, BEST BUY CO., INC., a corporation, states:

1.     On and before May 12, 2006, defendant BEST BUY was a merchant in the business of selling laptop computers.

2.     On and before May 12, 2006, BEST BUTY sold laptop computers into the stream of commerce in Illinois.

3.     On May 12, 2006, BEST BUY sold a HP notebook laptop computer to FERRARO.

4.    At all times relevant, Defendant BEST BUY knew the ordinary purpose for which the aforesaid laptop computer would be used.

5.    Defendant BEST BUY warranted by implication at the time of sale in accordance with the Illinois Compiled Statutes that the laptop computers were reasonably fit, sufficient and of merchantable quality for their intended and/or foreseeable use.

6.    Defendant BEST BUY breached its implied warranty of merchantability by selling the laptop computer in an unfit and unsuitable condition for the purpose for which it was placed into the stream of commerce.

7.    The unfitness of the aforesaid HP laptop computer existed at the time of sale and continued until the Plaintiff, PATRICIA FERRARO, was injured on May 17, 2006.

8.    As a direct and proximate result of the aforesaid breaches of the implied warranty of merchantability, Plaintiff, FERRARO sustained injuries of a personal and pecuniary nature.

9.    On May 17, 2006, as plaintiff was using the HP laptop computer, the powercord overheated and she sustained injuries.

10.    On and before May 17, 2006, defendant BEST BUY breached the implied warranty of merchantability in one or more of the following respects:

    (a)    It sold the laptop computer without adequate protection or insulation on its power cord to prevent overheating during normal and foreseeable use; and,

    (b)    It sold the laptop computer without adequately warning the user, including plaintiff, regarding the danger that the power cord could overheating during normal and foreseeable use.

11.    As a proximate result of one or more of the breaches of the implied warranty of fitness for patent purposes, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

-4-

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, BEST BUY CO., INC., a corporation, for a sum in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT IV

### Strict Liability/Best Buy Stores, LLP/Unsafe Power Cord/Personal Injuries

1.    On and before May 12, 2006, BEST BUY STORES, LLP ("BEST BUY STORES") was in the business of selling and/or distributing laptop computers designed and manufactured by defendant Hewlett-Packard Company ("HP").

2.    On and before May 12, 2006, BEST BUY STORES placed certain HP laptop computers into the stream of commerce.

3.    On and before May 12, 2006, plaintiff, PATRICIA FERRARO, bought from BEST BUY STORES a HP notebook laptop bearing serial number F3-06010008230B.

4.    Shortly thereafter, plaintiff was using the laptop computer when the power cord overheated while it was resting on or near plaintiff's right forearm.

5.    On May 12, 2006, and at the time it left the control of defendant, BEST BUY STORES, the laptop was defective and in an unsafe condition in one or more of the following ways:

   a.    It was manufactured and sold without adequate protection from overheating during normal and foreseeable use; and,

   b.    It was manufactured and sold without adequate or sufficient warnings on instructions to purchasers such as plaintiff that it could overheat during normal or foreseeable use.

6.    As a proximate result of one or more of the foregoing defective and unsafe conditions in the laptop computer, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, BEST BUY STORES, L.P., for a sum in excess of jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT V

### Negligence /Best Buy Stores, L.P. /Unsafe Power Cord/Personal Injuries

Plaintiff, PATRICIA D. FERRARO ("FERRARO"), complaining of defendant, BEST BUY STORES, L.P. ("BEST BUY STORES"), a corporation, states:

1. On and before May 12, 2006, BEST BUY STORES owned, operated, managed, maintained and/or controlled a certain business commonly known as "Best Buy" located at 11 Countryside Plaza Countryside, Illinois 60525.

2. On May 12, 2006, BEST BUY STORES sold laptop computers designed, manufactured and distributed by defendant HP.

3. On May 12, 2006, plaintiff, PATRICIA FERRARO, purchased from BEST BUY STORES a new HP notebook laptop, serial number F3-06010008230B.

4. Shortly thereafter, plaintiff was using said laptop when the power cord overheated while it was resting on and in close proximity to plaintiff's right forearm.

5. On and before May 12, 2006, defendant, BEST BUY STORES, was negligent in one or more of the following ways:

    a.    Failed to adequately and properly inspect the laptop to ascertain whether it was safe;

    b.    Failed to adequately and properly warn that the power cord could overheat, and,

    c.    Failed to remove from its shelves said laptop when it knew or should have known it was necessary for safety to do so.

6.    As a proximate result of one or more of the foregoing negligent acts or omissions plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, BEST BUY STORES, L.P. for a sum in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT VI

### Breach of Implied Warranty of Merchantability/Best Buy Stores, L.P.

Plaintiff, PATRICIA FERRARO ("FERRARO"), complaining of defendant, BEST BUY STORES, L.P. ("BEST BUY STORES"), a corporation, states:

1.    On and before May 12, 2006, defendant BEST BUY STORES was a merchant in the business of selling laptop computers.

2.    On and before May 12, 2006, BEST BUY STORES sold laptop computers into the stream of commerce in Illinois.

3.    On May 12, 2006, BEST BU STORES sold a HP notebook laptop computer to FERRARO.

4.    At all times relevant, Defendant BEST BUY STORESknew the ordinary purpose for which the aforesaid laptop computer would be used.

5.    Defendant BEST BUY STORES warranted by implication at the time of sale in accordance with the Illinois Compiled Statutes that the laptop computers were reasonably fit, sufficient and of merchantable quality for their intended and/or foreseeable use.

6.    Defendant BEST BUY STORES breached its implied warranty of merchantability by selling the laptop computer in an unfit and unsuitable condition for the purpose for which it was placed into the stream of commerce.

-7-

7.     The unfitness of the aforesaid HP laptop computer existed at the time of sale and continued until FERRARO was injured on May 17, 2006.

8.     As a direct and proximate result of the aforesaid breaches of the implied warranty of merchantability, Plaintiff, FERRARO sustained injuries of a personal and pecuniary nature.

9.     On May 17, 2006, as plaintiff was using the HP laptop computer, the powercord overheated and she sustained injuries.

10.     On and before May 17, 2006, defendant BEST BUY STORES breached the implied warranty of merchantability in one or more of the following respects:

(a)     it sold the laptop computer without adequate protection or insulation on its power cord to prevent overheating during normal and foreseeable use; and,

(b)     it sold the laptop computer without adequately warning the user, including plaintiff, regarding the danger that the power cord could overheating during normal and foreseeable use.

11.     As a proximate result of one or more of the breaches of the implied warranty of fitness for patent purposes, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, BEST BUY CO., INC., a corporation, for a sum in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT VII

### Strict Liability/Hewlett-Packard Company /Unsafe Power Cord/Personal Injuries

Plaintiff, PATRICIA FERRARO ("FERRARO"), complaining of defendant, HEWLETT-PACKARD COMPANY ("HP"), a corporation, states:

-8-

1.    On and before May 12, 2006, HP was in the business of selling and/or distributing laptop computers.

2.    On and before May 12, 2006, HP placed certain laptop computers into the stream of commerce.

3.    On and before May 12, 2006, plaintiff, PATRICIA FERRARO, bought from HP a HP notebook laptop, serial number F3-06010008230B.

4.    Shortly thereafter, plaintiff was using the laptop computer when the power cord overheated while it was resting on or near plaintiff's right forearm.

5.    On May 12, 2006, and at the time it left the control of defendant, HP, the laptop was defective and in an unsafe condition in one or more of the following ways:

   a.    It was manufactured and sold without adequate protection from overheating during normal and foreseeable use; and,

   b.    It was manufactured and sold without adequate or sufficient warnings on instructions to purchasers such as plaintiff that it could overheat during normal or foreseeable use.

6.    As a proximate result of one or more of the foregoing defective and unsafe conditions in the laptop computer, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, HEWLETT-PACKARD COMPANY, for a sum in excess of jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT VIII

### Negligence – HEWLETT-PACKARD COMPANY/Unsafe Power Cord/Personal Injuries

Plaintiff, PATRICIA D. FERRARO, complaining of defendant, HEWLETT-PACKARD COMPANY ("HP"), a corporation, states:

-9-

1.     On and before May 12, 2006, HP owned, operated, managed, maintained and/or controlled a certain business commonly known as "Best Buy" located at 11 Countryside Plaza Countryside, Illinois 60525.

2.     On May 12, 2006, HP sold laptop computers designed, manufactured and distributed by defendant HP.

3.     On May 12, 2006, plaintiff, PATRICIA FERRARO, purchased from HP a new HP notebook laptop, serial number F3-06010008230B.

4.     Shortly thereafter, plaintiff was using said laptop when the power cord overheated while it was resting on and in close proximity to plaintiff's right forearm.

5.     On and before May 12, 2006, defendant, HP, was negligent in one or more of the following ways:

     a.     Failed to adequately and properly inspect the laptop to ascertain whether it was safe;

     b.     Failed to adequately and properly warn that the power cord could overheat,; and,

     c.     Failed to equip the power cord with adequate and sufficient insulation to prevent overheating during normal and foreseeable use.

6.     As a proximate result of one or more of the foregoing negligent acts or omissions plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, HEWLETT-PACKARD COMPANY, for a sum in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT IX

**Breach of Implied Warranty of Merchantability/Hewlett-Packard Company**

Plaintiff, PATRICIA D. FERRARO, complaining of defendant, HEWLETT-PACKARD COMPANY ("HP"), a corporation, states:

1.    On and before May 12, 2006, defendant HP was a merchant in the business of manufacturing and selling laptop computers.

2.    On and before May 12, 2006, HP maintained and sold laptop computers into the stream of commerce in Illinois.

3.    On May 12, 2006, FERRARO bought a HP notebook laptop computer at BEST BUY.

4.    At all times relevant, Defendant HP knew the ordinary purpose for which the aforesaid laptop computer would be used.

5.    Defendant HP warranted by implication at the time of sale in accordance with the Illinois Compiled Statutes that the laptop computers were reasonably fit, sufficient and of merchantable quality for their intended and/or foreseeable use.

6.    Defendant HP breached its implied warranty of merchantability by selling the laptop computer in an unfit and unsuitable condition for the purpose for which it was placed into the stream of commerce.

7.    The unfitness of the aforesaid HP laptop computer existed at the time of sale and continued until the Plaintiff, PATRICIA FERRARO, was injured on May 17, 2006.

8.    As a direct and proximate result of the aforesaid breaches of the implied warranty of merchantability, Plaintiff, FERRARO sustained injuries of a personal and pecuniary nature.

9.    On May 17, 2006, as plaintiff was using the HP laptop computer, the powercord overheated and she sustained injuries.

-11-

10.    On and before May 17, 2006, defendant HP breached the implied warranty of merchantability in one or more of the following respects:

    (a)    It manufactured and sold the laptop computer without adequate protection or insulation on its power cord to prevent overheating during normal and foreseeable use; and,

    (b)    It manufactured and sold the laptop computer without adequately warning the user, including plaintiff, regarding the danger that the power cord could overheating during normal and foreseeable use.

11.    As a proximate result of one or more of the breaches of the implied warranty of fitness for patent purposes, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, HEWLETT-PACKARD COMPANY, a corporation, for a sum in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

Francis P. Morrissey

Francis P. Morrissey
Michael G. Mahoney
**Burke, Mahoney & Wise**
161 North Clark Street
Suite 2240
Chicago, IL 60601
312-580-2040

-12-

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

PATRICIA D. FERRARO,          )
                              )
                 Plaintiff,   )
                              )
        v.                    ) No.
                              )
BEST BUY CO., INC., a corporation;   )
and BEST BUY STORES, L.P.,     )
a limited partnership, and;    )
HEWLETT-PACKARD COMPANY,       )
a corporation,                 )
                              )
                 Defendants.   )

## AFFIDAVIT

I, Francis P. Morrissey, state under oath:

1.    I am an attorney associated with Burke, Mahoney & Wise and am responsible for

filing of the Complaint at Law in this matter.

2.    The total of money damages sought by plaintiff does exceed $50,000.00,

exclusive of interest and costs.

_____
Francis P. Morrissey

SUBSCRIBED and SWORN to before me
this _____ day of _____

_____
Nancy Serey
Notary Public
My Commission Expires 04/24/2010

Burke, Mahoney & Wise
161 North Clark Street
Suite 2240
Chicago, IL 60601
312-580-2040

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICIA D. FERRARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    1:08-cv-3638 |
| | ) | |
| BEST BUY CO., INC., a corporation; | ) | Judge Kennelly |
| and BEST BUY STORES, L.P., | ) | |
| a limited partnership, and; | ) | Magistrate Judge Cox |
| HEWLETT-PACKARD COMPANY, | ) | |
| a corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF MOTION

TO:    Francis P. Morrissey              Michael J. Hayes, Sr.
       Michael G. Mahoney               Daniel J. Hayes
       Burke, Mahoney & Wise            Bell Boyd & Lloyd
       161 N. Clark Street, Suite 2240  70 W. Madison Street, Suite 3100
       Chicago, IL 60601                Chicago, IL 60602

On, **August 21, 2008**, at **9:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Kennelly, in Room 2103 of the Everett McKinley Dirksen Building, or any judge sitting in his stead, in the courtroom usually occupied by him, and shall then and there present the attached **DEFENDANTS, BEST BUY CO., INC., AND BEST BUY STORES, L.P.'S, MOTION TO DISMISS COUNTS III AND VI OF PLAINTIFF'S COMPLAINT PURSUANT TO FED R. CIV. P. 12(b)(6).**

                    THE HUNT LAW GROUP, LLC

          By:    /s/ W. Scott Trench
                 W. Scott Trench
                 ID Number 6208397

THE HUNT LAW GROUP, LLC
Attorneys for Defendant
225 W. Washington, 18th Floor
Chicago, Illinois 60606
(312) 384 - 2300

## <u>CERTIFICATE OF SERVICE</u>

I certify, under penalty of perjury that I accomplished service pursuant to ECF as to Filing Users and pursuant to LR 5.5 for all parties that are not Filing Users on the 11th day of August 2008, before 5:00 p.m.


/s/ W. Scott Trench
W. SCOTT TRENCH


THE HUNT LAW GROUP, LLC
Attorneys for Defendant
225 W. Washington, 18th Floor
Chicago, Illinois 60606
(312) 384 - 2300