IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA D. FERRARO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BEST BUY CO., INC., a corporation;<br>and BEST BUY STORES, L.P.,<br>a limited partnership, and;<br>HEWLETT-PACKARD COMPANY,<br>a corporation,<br><br>　　　　Defendants. | No.　1:08-cv-3638<br><br>Judge Kennelly<br><br>Magistrate Judge Cox |

### DEFENDANTS BEST BUY CO., INC. AND BEST BUY STORES, L.P.'s ANSWER AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AT LAW

The defendants, BEST BUY CO., INC., and BEST BUY STORES, L.P., by their attorneys, THE HUNT LAW GROUP, LLC, as for its Answer to Plaintiff's Complaint at Law, states as follows:

### COUNT I

### Strict Liability/Best Buy Co., Inc./Unsafe Power Cord/Personal Injuries

1. On and before May 12, 2006, BEST BUY was in the business of selling and/or distributing laptop computers at a store commonly known as "Best Buy" located at 11 Countryside Plaza Countryside, Illinois 60525.

**ANSWER:** The defendant admits that its subsidiary, Best Buy Stores, L.P., sold laptop computers at the store located at 11 Countryside Plaza, Countryside, Illinois 60525, and denies the remaining allegations set forth in paragraph 1.

30168/bmc/cef  41801

2. On and before May 12, 2006, BEST BUY placed certain laptop computers into the stream of commerce.

**ANSWER:** The defendant admits that its subsidiary, Best Buy Stores, L.P., placed certain laptop computers into the stream of commerce and denies any remaining allegations in paragraph 2.

3. On and before May 12, 2006, FERRARO bought from BEST BUY a new notebook laptop computer which was designed and manufactured by defendant HEWLETT PACKARD COMPANY ("HP") bearing serial number F3-06010008230B.

**ANSWER:** The defendant admits that its subsidiary, Best Buy Stores, L.P., sold a new Hewlett Packard notebook laptop computer to plaintiff Ferraro on or about May 12, 2006, but lacks information sufficient to admit or deny the allegations set forth in paragraph 3 as to the serial number of the laptop computer.

4. Shortly thereafter, FERRARO was using the HP laptop computer when the power cord overheated while it was resting on or near plaintiff's right forearm.

**ANSWER:** The defendant lacks information sufficient to admit or deny the allegations set forth in paragraph 4 and, therefore, denies same and demands strict proof thereof.

5. On May 12, 2006, and at the time it left the control of defendant, BEST BUY, the subject HP laptop was defective and in an unsafe condition in one or more of the following ways:

   a. It was manufactured and sold without adequate protection or insulation on its power cord to prevent overheating during normal and foreseeable use; and,

2

30168/bmc/cef
41801

b.  It was manufactured and sold without adequate or sufficient warnings on instructions to purchasers such as plaintiff that it could overheat during normal or foreseeable use.

**ANSWER:**  The defendant denies the allegations set forth in paragraph 5, including subparagraphs (a) and (b).

6.  As a proximate result of one or more of the foregoing defective and unsafe conditions in the subject HP laptop computer, FERRARO, sustained injuries of a personal and pecuniary nature.

**ANSWER:**  The defendant denies the allegations set forth in paragraph 6.

WHEREFORE, the defendant, BEST BUY CO., INC., denies that the plaintiff is entitled to a judgment against it in any amount whatsoever and prays that judgment be entered in favor of the defendant, BEST BUY CO., INC., and against the plaintiff and for such further relief as deemed just and appropriate by this Honorable Court.

## COUNT II

### Negligence /Best Buy Co., Inc./Unsafe Power Cord/Personal Injuries

1.  On and before May 12, 2006, BEST BUY owned, operated, managed, maintained and/or controlled a certain business commonly known as "Best Buy" located at 11 Countryside Plaza Countryside, Illinois 60525.

**ANSWER:**  The defendant admits that its subsidiary, Best Buy Stores, L.P., operated a retail business commonly known as "Best Buy" located at 11 Countryside Plaza, Illinois 60525 and denies the remaining allegations set forth in paragraph 1.

2.  On May 12, 2006, BEST BUY sold laptop computers designed, manufactured and distributed by defendant Hewlett-Packard Company ("HP").

3

30168/bmc/cef 41801

**ANSWER:** The defendant admits that its subsidiary, Best Buy Stores, L.P., sold laptop computers designed, manufactured, and distributed by the defendant, Hewlett-Packard Company ("HP") and denies the remaining allegations set forth in paragraph 2.

3. On May 12, 2006, FERRARO purchased from BEST BUY a new HP notebook laptop bearing serial number F3-06010008230B.

**ANSWER:** The defendant admits that its subsidiary, Best Buy Stores, L.P., sold a new Hewlett Packard computer to plaintiff Ferraro on or about May 12, 2006, but lacks information sufficient to admit or deny the allegations set forth in paragraph 3 as to the serial number of the laptop computer.

4. Shortly thereafter, FERRARO was using said laptop computer when the power cord overheated while it was resting on and in close proximity to plaintiff's right forearm.

**ANSWER:** The defendant lacks information sufficient to admit or deny the allegations set forth in paragraph 4 and, therefore, denies same and demands strict proof thereof.

5. On and before May 12, 2006, defendant, BEST BUY, was negligent in one or more of the following ways:

    a. Failed to adequately and properly inspect the laptop to ascertain whether it was safe;

    b. Failed to adequately and properly warn that the power cord could overheat, and, [sic]

    c. Failed to remove from its shelves said laptop when it knew or should have known it was necessary for safety to do so.

**ANSWER:** The defendant denies the allegations set forth in paragraph 5, including subparagraphs (a) through (c).

4

30168/bmc/cef                                                                                                         41801

6. As a proximate result of one or more of the foregoing negligent acts or omissions plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

**ANSWER:** The defendant denies the allegations set forth in paragraph 6.

WHEREFORE, the defendant, BEST BUY CO., INC. denies that the plaintiff is entitled to a judgment against it in any amount whatsoever and prays that judgment be entered in favor of the defendant, BEST BUY CO., INC., and against the plaintiff and for such further relief as deemed just and appropriate by this Honorable Court.

## COUNT III

### Breach of Implied Warranty of Merchantability/Best Buy Co., Inc.

This COUNT III of the plaintiff's complaint at law is subject to a motion to dismiss and, therefore, no answer is provided thereto.

## COUNT IV

### Strict Liability/Best Buy Stores, LLP[sic]/Unsafe Power Cord/Personal Injuries

1. On and before May 12, 2006, BEST BUY STORES, LLP [sic] ("BEST BUY STORES") was in the business of selling and/or distributing laptop computers designed and manufactured by defendant Hewlett-Packard Company ("HP").

**ANSWER:** The defendant admits that Best Buy Stores, L.P., was in the business of selling laptop computers designed and manufactured by Hewlett-Packard, and denies the remaining allegations set forth in paragraph 1.

2. On and before May 12, 2006, BEST BUY STORES placed certain HP laptop computers into the stream of commerce.

5

30168/bmc/cef                                                                                               41801

**ANSWER:** The defendant admits that Best Buy Stores, L.P., placed certain Hewlett-Packard laptop computers into the stream of commerce, and denies the remaining allegations set forth in paragraph 2.

3. On and before May 12, 2006, plaintiff, PATRICIA FERRARO, bought from BEST BUY STORES a HP notebook laptop bearing serial number F3-06010008230B.

**ANSWER:** The defendant admits that Best Buy Stores, L.P., sold a new Hewlett-Packard notebook laptop to the plaintiff, Patricia Ferraro, on or about May 12, 2006, but lacks information sufficient to admit or deny the allegations set forth in paragraph 3 as to the serial number of the laptop computer.

4. Shortly thereafter, plaintiff was using the laptop computer when the power cord overheated while it was resting on or near plaintiff's right forearm.

**ANSWER:** The defendant lacks information sufficient to admit or deny the allegations set forth in paragraph 4 and, therefore, denies same and demands strict proof thereof.

5. On May 12, 2006, and at the time it left the control of defendant, BEST BUY STORES, the laptop was defective and in an unsafe condition in one or more of the following ways:

   a. It was manufactured and sold without adequate protection from overheating during normal and foreseeable use; and,

   b. It was manufactured and sold without adequate or sufficient warnings on instructions to purchasers such as plaintiff that it could overheat during normal or foreseeable use.

**ANSWER:** The defendant denies the allegations set forth in paragraph 5, including subparagraphs (a) through (c).

6

30168/bmc/cef

41801

6. As a proximate result of one or more of the foregoing defective and unsafe conditions in the laptop computer, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

**ANSWER:** The defendant denies the allegations set forth in paragraph 6.

WHEREFORE, the defendant, BEST BUY STORES, L.P., denies that the plaintiff is entitled to a judgment against it in any amount whatsoever and prays that judgment be entered in favor of the defendant, BEST BUY STORES, L.P., and against the plaintiff and for such further relief as deemed just and appropriate by this Honorable Court.

## COUNT V

### Negligence /Best Buy Stores, L.P. /Unsafe Power Cord/Personal Injuries

1. On and before May 12, 2006, BEST BUY STORES owned, operated, managed, maintained and/or controlled a certain business commonly known as "Best Buy" located at 11 Countryside Plaza Countryside, Illinois 60525.

**ANSWER:** The defendant admits that Best Buy Stores, L.P., operated a certain business commonly known as "Best Buy" located at 11 Countryside Plaza, Countryside, Illinois 60525 and denies any remaining allegations set forth in paragraph 1.

2. On May 12, 2006, BEST BUY STORES sold laptop computers designed, manufactured and distributed by defendant HP.

**ANSWER:** The defendant admits that Best Buy Stores, L.P., sold laptop computers designed, manufactured and distributed by defendant Hewlett-Packard Company.

3. On May 12, 2006, plaintiff, PATRICIA FERRARO, purchased from BEST BUY STORES a new HP notebook laptop, serial number F3-06010008230B.

30168/bmc/cef                                                                                                          41801

**ANSWER:**   The defendant admits that Best Buy Stores, L.P., sold a new Hewlett-Packard notebook laptop computer to the plaintiff, Patricia Ferraro, on or about May 12, 2006, but lacks information sufficient to admit or deny the allegations set forth in paragraph 3 as to the serial number of the laptop computer.

    4.    Shortly thereafter, plaintiff was using said laptop when the power cord overheated while it was resting on and in close proximity to plaintiff's right forearm.

**ANSWER:**   The defendant lacks information sufficient to admit or deny the allegations set forth in paragraph 4 and, therefore, denies same and demands strict proof thereof.

    5.    On and before May 12, 2006, defendant, BEST BUY STORES, was negligent in one or more of the following ways:

    a.    Failed to adequately and properly inspect the laptop to ascertain whether it was safe;

    b.    Failed to adequately and properly warn that the power cord could overheat, and,

    c.    Failed to remove from its shelves said laptop when it knew or should have known it was necessary for safety to do so.

**ANSWER:**   The defendant denies the allegations set forth in paragraph 5, including subparagraphs (a) through (c).

    6.    As a proximate result of one or more of the foregoing negligent acts or omissions plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

**ANSWER:**   The defendant denies the allegations set forth in paragraph 6.

WHEREFORE, the defendant, BEST BUY STORES, L.P, denies that the plaintiff is entitled to a judgment against it in any amount whatsoever and prays that judgment be entered in

30168/bmc/cef
41801

favor of the defendant, BEST BUY STORES, L.P., and against the plaintiff and for such further relief as deemed just and appropriate by this Honorable Court.

## COUNT VI

### Breach of Implied Warranty of Merchantability/Best Buy Stores, L.P.

This COUNT VI of the plaintiff's complaint at law is subject to a motion to dismiss and, therefore, no answer is provided thereto.

## COUNT VII

### Strict Liability/Hewlett-Packard Company /Unsafe Power Cord/Personal Injuries

The allegations in Count VII of Plaintiff's Complaint at Law are not directed against defendant Best Buy Co., Inc. or Best Buy Stores, L.P., and, therefore, no answer is made thereto.

## COUNT VIII

### Negligence – HEWLETT-PACKARD COMPANY/Unsafe Power Cord/Personal Injuries

The allegations in Count VIII of Plaintiff's Complaint at Law are not directed against defendant Best Buy Co., Inc. or Best Buy Stores, L.P., and, therefore, no answer is made thereto.

## COUNT IX

### Breach of Implied Warranty of Merchantability/Hewlett-Packard Company

The allegations in Count IX of Plaintiff's Complaint at Law are not directed against defendant Best Buy Co., Inc. or Best Buy Stores, L.P., and, therefore, no answer is made thereto.

## AFFIRMATIVE DEFENSES

Defendants Best Buy Co., Inc. and Best Buy Stores, L.P., make the following Affirmative Defenses, without prejudice to their previous denials, to the plaintiff's Complaint at Law:

30168/bmc/cef 41801

## FIRST AFFIRMATIVE DEFENSE

The plaintiff understood and appreciated the risk of injury from the subject notebook laptop computer, and she accepted and assumed all risks therefrom. As such, the plaintiff's claims are barred by the principles of assumption of risk.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's injuries, if any, were proximately caused by her unforeseeable intervening and superseding misuse of the subject notebook laptop computer.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff's injuries were proximately caused by the superseding and/or intervening conduct, intentional acts or negligent acts of third person, including the plaintiff, over whom the defendant had no control.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred or reduced by her comparative and/or contributory negligence, and/or comparative and/or contributory fault.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, the plaintiff has failed to mitigate any damages or losses that she allegedly sustained.

10

30168/bmc/cef　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　41801

## SIXTH AFFIRMATIVE DEFENSE

### Illinois Distributorship Statute 735 ILCS 5/2-621

The Defendants, BEST BUY CO., INC., and BEST BUY STORES, L.P., are immune from strict liability under the Illinois Distributorship Statute, 735 ILCS 5/2-621, of the Illinois Code of Civil Procedure. See affidavit attached hereto as <u>Exhibit A</u>, identifying Hewlett-Packard Company as manufacturer of the subject computer.

　　　　　　　　　　　　　　　　　　　Respectfully Submitted,
　　　　　　　　　　　　　　　　　　　THE HUNT LAW GROUP, LLC


　　　　　　　　　　　　　　　　　　　/s/ W. Scott Trench
　　　　　　　　　　　　　　　　　　　W. Scott Trench

Brian J. Hunt (bhunt@hunt-lawgroup.com)
W. Scott Trench (strench@hunt-lawgroup.com)
THE HUNT LAW GROUP, LLC
Attorney for Defendants
225 W. Washington St., 18th Floor
Chicago, Illinois 60606
312-384-2300

11

30168/bmc/cef                                                                                                            41801

## CERTIFICATE OF SERVICE

I certify, under penalty of perjury that I accomplished service pursuant to ECF as to Filing Users and pursuant to LR 5.5 for all parties that are not Filing Users on the 11th day of August 2008, before 5:00 p.m.

                                                    /s/ W. Scott Trench
                                                    W. SCOTT TRENCH

THE HUNT LAW GROUP, LLC
Attorneys for Defendant
225 W. Washington, 18th Floor
Chicago, Illinois 60606
(312) 384 - 2300

# EXHIBIT A


30168/bmc                                                                                                41801

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PATRICIA D. FERRARO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:08-cv-03638 |
| | ) |
| BEST BUY CO., INC., a corporation; | ) |
| and BEST BUY STORES, L.P., | ) |
| a limited partnership, and; | ) |
| HEWLETT-PACKARD COMPANY, | ) |
| a corporation, | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT

I, Steve Rzab, having been duly sworn, attests as follows:

1. I am the General Manager for the Best Buy store number 324 at 11 Countryside Plaza in Countryside, Ill, which sold a HP notebook laptop computer to Patricia Ferraro on May 12, 2006. In this capacity, I am familiar with the Hewlett Packard notebook laptop computer which was sold to Patricia Ferraro, which is the subject of this lawsuit, and which is described in the plaintiff's complaint.

2. I have personal knowledge of the facts set forth in this affidavit and, if called to testify, would testify to same.

3. Best Buy did not design or manufacture the product, the Hewlett Packard notebook computer which was sold to Patricia Ferraro on May 12, 2006, which is the subject of this lawsuit, and which is described in the plaintiff's complaint.

4. The manufacturer of the Hewlett Packard notebook computer which was sold to Patricia Ferraro on May 12, 2006, which is the subject of this lawsuit, and which is described in the plaintiff's complaint was Hewlett Packard Company.

5. Best Buy did not exercise any control over the design or manufacture of the Hewlett Packard notebook computer which was sold to Patricia Ferraro on May 12, 2006, which is the subject of this lawsuit, and which is described in the plaintiff's complaint.

6. Best Buy did not provide any instructions or warnings to the manufacturer relative to the Hewlett Packard notebook computer which was sold to Patricia Ferraro on May 12, 2006, which is the subject of this lawsuit, and which is described in the plaintiff's complaint.

7. Best Buy did not have knowledge of any defect in the design or manufacturing of the Hewlett Packard notebook computer which was sold to Patricia Ferraro on May 12, 2006, which is the subject of this lawsuit, and which is described in the plaintiff's complaint.

8. Best Buy did not create the alleged defect in the Hewlett Packard notebook computer which was sold to Patricia Ferraro on May 12, 2006, which is the subject of this lawsuit, and which is described in the plaintiff's complaint.

Further affiant sayeth naught.

_____
Steve Rzab

SUBSCRIBED AND SWORN to before me
this 28 day of July, 2008.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
Ajla Pavlovic
Notary Public, State of Illinois
Cook County
My Commission Expires November 2, 2010

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA D. FERRARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   1:08-cv-3638 |
| | ) | |
| BEST BUY CO., INC., a corporation; | ) | Judge Kennelly |
| and BEST BUY STORES, L.P., | ) | |
| a limited partnership, and; | ) | Magistrate Judge Cox |
| HEWLETT-PACKARD COMPANY, | ) | |
| a corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING**

TO:   Francis P. Morrissey          Michael J. Hayes, Sr.
      Michael G. Mahoney           Daniel J. Hayes
      Burke, Mahoney & Wise        Bell Boyd & Lloyd
      161 N. Clark Street, Suite 2240   70 W. Madison Street, Suite 3100
      Chicago, IL 60601            Chicago, IL 60602

**YOU ARE HEREBY NOTIFIED** that on **August 11, 2008**, there was filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **Defendants, Best Buy Co., Inc. and Best Buy Stores, L.P.'s, Answer and Affirmative Defenses to Plaintiff's Complaint at Law,** copies of which are attached hereto.

                            THE HUNT LAW GROUP, LLC

                By:   /s/ W. Scott Trench
                     W. Scott Trench
                     ID Number 6208397

THE HUNT LAW GROUP, LLC
Attorneys for Defendant
225 W. Washington, 18th Floor
Chicago, Illinois 60606
(312) 384 - 2300

## CERTIFICATE OF SERVICE

I certify, under penalty of perjury that I accomplished service pursuant to ECF as to Filing Users and pursuant to LR 5.5 for all parties that are not Filing Users on the 11th day of June 2008, before 5:00 p.m.

/s/ W. Scott Trench
W. SCOTT TRENCH

THE HUNT LAW GROUP, LLC
Attorneys for Defendant
225 W. Washington, 18th Floor
Chicago, Illinois 60606
(312) 384 - 2300