IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA D. FERRARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    08 C 3638 |
| | ) | |
| BEST BUY CO., INC., a corporation; | ) | Hon. Matthew Kennelly |
| and BEST BUY STORES, L.P., a | ) | |
| limited partnership, and, HEWLETT- | ) | |
| PACKARD COMPANY, | ) | |
| a corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## HEWLETT-PACKARD COMPANY'S ANSWER
## AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, Hewlett-Packard Company ("HP"), by its attorneys, Bell, Boyd & Lloyd LLP,

submits the following answers and affirmative defenses to Plaintiff's Complaint at Law (the

"Complaint"):

## COUNT I

### Strict Liability/Best Buy Co., Inc./Unsafe Power Cord/Personal Injuries

Plaintiff, PATRICIA D. FERRARO, ("FERRARO"), complaining of defendant, BEST
BUY CO., INC., ("BEST BUY") a corporation, states:

1.     On and before May 12, 2006, BEST BUY was in the business of selling and/or
distributing laptop computers at a store commonly known as "Best Buy" located at 11
Countryside Plaza Countryside, Illinois 60525.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP

and, therefore, HP is not required to respond to such allegations.

2.     On and before May 12, 2006, BEST BUY placed certain laptop computers into
the stream of commerce.

454928/E/3

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP

and, therefore, HP is not required to respond to such allegations.

3.     On and before May 12, 2006, FERRARO bought from BEST BUY a new notebook laptop computer which was designed and manufactured by defendant HEWLETT PACKARD COMPANY ("HP") bearing serial number F3-06010008230B.

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP

and, therefore, HP is not required to respond to such allegations.

4.     Shortly thereafter, FERRARO was using the HP laptop computer when the power cord overheated while it was resting on or near plaintiff's right forearm.

**ANSWER**     The allegations contained in this Paragraph are not asserted against HP

and, therefore, HP is not required to respond to such allegations.

5.     On May 12, 2006, and at the time it left the control of defendant, BEST BUY, the subject HP laptop was defective and in an unsafe condition in one or more of the following ways:

   a.     It was manufactured and sold without adequate protection or insulation on its power cord to prevent overheating during normal and foreseeable use; and,

   b.     It was manufactured and sold without adequate or sufficient warnings on instructions to purchasers such as plaintiff that it could overheat during normal or foreseeable use.

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP

and, therefore, HP is not required to respond to such allegations.

6.     As a proximate result of one or more of the foregoing defective and unsafe conditions in the subject HP laptop computer, FERRARO, sustained injuries of a personal and pecuniary nature.

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP

and, therefore, HP is not required to respond to such allegations.

## COUNT II

### Negligence /Best Buy Co., Inc./Unsafe Power Cord/Personal Injuries

Plaintiff, PATRICIA D. FERRARO ("FERRARO"), complaining of defendant, BEST BUY CO., INC., ("BEST BUY") a corporation, states:

1.     On and before May 12, 2006, BEST BUY owned, operated, managed, maintained and/or controlled a certain business commonly known as "Best Buy" located at 11 Countryside Plaza Countryside, Illinois 60525.

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

2.     On May 12, 2006, BEST BUY sold laptop computers designed, manufactured and distributed by defendant Hewlett-Packard Company ("HP").

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

3.     On May 12, 2006, FERRARO purchased from BEST BUY a new HP notebook laptop bearing serial number F3-06010008230B.

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

4.     Shortly thereafter, FERRARO was using said laptop computer when the power cord overheated while it was resting on and in close proximity to plaintiff's right forearm.

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

5.     On and before May 12, 2006, defendant, BEST BUY, was negligent in one or more of the following ways:

   a.     Failed to adequately and properly inspect the laptop to ascertain whether it was safe;

   b.     Failed to adequately and properly warn that the power cord could overheat, and,

   c.     Failed to remove from its shelves said laptop when it knew or should have known it was necessary for safety to do so.

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

6.     As a proximate result of one or more of the foregoing negligent acts or omissions plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

### COUNT III

### Breach of Implied Warranty of Merchantability/Best Buy Co., Inc.

Plaintiff, PATRICIA FERRARO, complaining of defendant, BEST BUY CO., INC., a corporation, states:

1.    On and before May 12, 2006, defendant BEST BUY was a merchant in the business of selling laptop computers.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

2.    On and before May 12, 2006, BEST BUTY [sic] sold laptop computers into the stream of commerce in Illinois.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

3.    On May 12, 2006, BEST BUY sold a HP notebook laptop computer to FERRARO.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

4.    At all times relevant, Defendant BEST BUY knew the ordinary purpose for which the aforesaid laptop computer would be used.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

5.    Defendant BEST BUY warranted by implication at the time of sale in accordance with the Illinois Compiled Statutes that the laptop computers were reasonably fit, sufficient and of merchantable quality for their intended and/or foreseeable use.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

6.      Defendant BEST BUY breached its implied warranty of merchantability by selling the laptop computer in an unfit and unsuitable condition for the purpose for which it was placed into the stream of commerce.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

7.      The unfitness of the aforesaid HP laptop computer existed at the time of sale and continued until the Plaintiff, PATRICIA FERRARO, was injured on May 17, 2006.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

8.      As a direct and proximate result of the aforesaid breaches of the implied warranty of merchantability, Plaintiff, FERRARO sustained injuries of a personal and pecuniary nature.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

9.      On May 17, 2006, as plaintiff was using the HP laptop computer, the powercord [sic] overheated and she sustained injuries.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

10.     On and before May 17, 2006, defendant BEST BUY breached the implied warranty of merchantability in one or more of the following respects:

(a)      It sold the laptop computer without adequate protection or insulation on its power cord to prevent overheating during normal and foreseeable use; and,

(b)      It sold the laptop computer without adequately warning the user, including plaintiff, regarding the danger that the power cord could overheating [sic] during normal and foreseeable use.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

11.     As a proximate result of one or more of the breaches of the implied warranty of fitness for patent purposes, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

## COUNT IV

### Strict Liability/Best Buy Stores LLP/Unsafe Power Cord/Personal Injuries

1.      On and before May 12, 2006, BEST BUY STORES, LLP ("BEST BUY STORES") was in the business of selling and/or distributing laptop computers designed and manufactured by defendant Hewlett-Packard Company ("HP").

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

2.      On and before May 12, 2006, BEST BUY STORES placed certain HP laptop computers into the stream of commerce.

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

3.      On and before May 12, 2006, plaintiff, PATRICIA FERRARO, bought from BEST BUY STORES a HP notebook laptop bearting [sic] serial number F3-06010008230B.

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

4.      Shortly thereafter, plaintiff was using the laptop computer when the power cord overheated while it was resting on or near plaintiff's right forearm.

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

5.      On May 12, 2006, and at the time it left the control of defendant, BEST BUY STORES, the laptop was defective and in an unsafe condition in one or more of the following ways:

   a.      It was manufactured and sold without adequate protection from overheating during normal and foreseeable use; and,

   b.      It was manufactured and sold without adequate or sufficient warnings on instructions to purchasers such as plaintiff that it could overheat during normal or foreseeable use.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

6.      As a proximate result of one or more of the foregoing defective and unsafe conditions in the laptop computer, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

**COUNT V**

**Negligence /Best Buy Stores, L.P. /Unsafe Power Cord/Personal Injuries**

Plaintiff, PATRICIA D. FERRARO ("FERRARO"), complaining of defendant, BEST BUY STORES, L.P. ("BEST BUY STORES"), a corporation, states:

1.      On and before May 12, 2006, BEST BUY STORES owned, operated, managed, maintained and/or controlled a certain business commonly known as "Best Buy" located at 11 Countryside Plaza Countryside, Illinois 60525.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

2.      On May 12, 2006, BEST BUY STORES sold laptop computers designed, manufactured and distributed by defendant HP.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

3.      On May 12, 2006, plaintiff, PATRICIA FERRARO, purchased from BEST BUY STORES a new HP notebook laptop, serial number F3-06010008230B.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

4.      Shortly thereafter, plaintiff was using said laptop when the power cord overheated while it was resting on and in close proximity to plaintiff's right forearm.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

5.      On and before May 12, 2006, defendant, BEST BUY STORES, was negligent in one or more of the following ways:

      a.      Failed to adequately and properly inspect the laptop to ascertain whether it was safe;

      b.      Failed to adequately and properly warn that the power cord could overheat, and,

      c.      Failed to remove from its shelves said laptop when it knew or should have known it was necessary for safety to do so.

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

6.      As a proximate result of one or more of the foregoing negligent acts or omissions plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

## COUNT VI

### Breach of Implied Warranty of Merchantability/Best Buy Stores, L.P.

Plaintiff, PATRICIA FERRARO ("FERRARO"), complaining of defendant, BEST BUY STORES, L.P. ("BEST BUY STORES"), a corporation, states:

1.      On and before May 12, 2006, defendant BEST BUY STORES was a merchant in the business of selling laptop computers.

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

2.      On and before May 12, 2006, BEST BUY STORES sold laptop computers into the stream of commerce in Illinois.

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

3.      On May 12, 2006, BEST BU [sic] STORES sold a HP notebook laptop computer to FERRARO.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

4.    At all times relevant, Defendant BEST BUY STORESknew [sic] the ordinary purpose for which the aforesaid laptop computer would be used.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

5.    Defendant BEST BUY STORES warranted by implication at the time of sale in accordance with the Illinois Compiled Statutes that the laptop computers were reasonably fit, sufficient and of merchantable quality for their intended and/or foreseeable use.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

6.    Defendant BEST BUY STORES breached its implied warranty of merchantability by selling the laptop computer in an unfit and unsuitable condition for the purpose for which it was placed into the stream of commerce.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

7.    The unfitness of the aforesaid HP laptop computer existed at the time of sale and continued until FERRARO was injured on May 17, 2006.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

8.    As a direct and proximate result of the aforesaid breaches of the implied warranty of merchantability, Plaintiff, FERRARO sustained injuries of a personal and pecuniary nature.

**ANSWER**:    The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

9.    On May 17, 2006, as plaintiff was using the HP laptop computer, the powercord [sic] overheated and she sustained injuries.

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

10.     On and before May 17, 2006, defendant BEST BUY STORES breached the implied warranty of merchantability in one or more of the following respects:

(a)     it sold the laptop computer without adequate protection or insulation on its power cord to prevent overheating during normal and foreseeable use; and,

(b)     it sold the laptop computer without adequately warning the user, including plaintiff, regarding the danger that the power cord could overheating [sic] during normal and foreseeable use.

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

11.     As a proximate result of one or more of the breaches of the implied warranty of fitness for patent purposes, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

**ANSWER**:     The allegations contained in this Paragraph are not asserted against HP and, therefore, HP is not required to respond to such allegations.

## COUNT VII

### Strict Liability/Hewlett-Packard Company/Unsafe Power Cord/Personal Injuries

Plaintiff, PATRICIA FERRARO ("FERRARO"), complaining of defendant, HEWLETT-PACKARD COMPANY ("HP"), a corporation, states:

1.     On and before May 12, 2006, HP was in the business of selling and/or distributing laptop computers.

**ANSWER**:     HP admits the allegations contained in this Paragraph.

2.     On and before May 12, 2006, HP placed certain laptop computers into the stream of commerce.

**ANSWER**:     HP admits the allegations contained in this Paragraph.

3.     On and before May 12, 2006, plaintiff, PATRICIA FERRARO, bought from HP a HP notebook laptop, serial number F3-06010008230B.

**ANSWER**:      HP denies the allegations contained in this Paragraph.

4.      Shortly thereafter, plaintiff was using the laptop computer when the power cord overheated while it was resting on or near plaintiff's right forearm.

**ANSWER**:      HP denies the allegations contained in this Paragraph.

5      On May 12, 2006, and at the time it left the control of defendant, HP, the laptop was defective and in an unsafe condition in one or more of the following ways:

> a.      It was manufactured and sold without adequate protection from overheating during normal and foreseeable use; and,
>
> b.      It was manufactured and sold without adequate or sufficient warnings on instructions to purchasers such as plaintiff that it could overheat during normal or foreseeable use.

**ANSWER**:      HP denies the allegations contained in this Paragraph.

6.      As a proximate result of one or more of the foregoing defective and unsafe conditions in the laptop computer, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

**ANSWER**:      HP denies the allegations contained in this Paragraph.

### COUNT VIII

### Negligence – HEWLETT-PACKARD COMPANY/Unsafe Power Cord/Personal Injuries

Plaintiff, PATRICIA D. FERRARO, complaining of defendant, HEWLETT-PACKARD COMPANY ("HP"), a corporation, states:

1.      On and before May 12, 2006, HP owned, operated, managed, maintained and/or controlled a certain business commonly known as "Best Buy" located at 11 Countryside Plaza Countryside, Illinois 60525.

**ANSWER**:      HP denies the allegations contained in this Paragraph.

2.      On May 12, 2006, HP sold laptop computers designed, manufactured and distributed by defendant HP.

**ANSWER**:      HP admits the allegations contained in this Paragraph.

3.      On May 12, 2006, plaintiff, PATRICIA FERRARO, purchased from HP a new HP notebook laptop, serial number F3-06010008230B.

**ANSWER**:      HP denies the allegations contained in this Paragraph.

4.    Shortly thereafter, plaintiff was using said laptop when the power cord overheated while it was resting on and in close proximity to plaintiff's right forearm.

**ANSWER**:    HP denies the allegations contained in this Paragraph.

5.    On and before May 12, 2006, defendant, HP, was negligent in one or more of the following ways:

        a.    Failed to adequately and properly inspect the laptop to ascertain whether it was safe;

        b.    Failed to adequately and properly warn that the power cord could overheat,; and,

        c.    Failed to equip the power cord with adequate and sufficient insulation to prevent overheating during normal and foreseeable use.

**ANSWER**:    HP denies the allegations contained in this Paragraph.

6.    As a proximate result of one or more of the foregoing negligent acts or omissions plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

**ANSWER**:    HP denies the allegations contained in this Paragraph.

## COUNT IX

### Breach of Implied Warranty of Merchantability/Hewlett-Packard Company

Plaintiff, PATRICIA D. FERRARO, complaining of defendant, HEWLETT-PACKARD COMPANY ("HP"), a corporation, states:

1.    On and before May 12, 2006, defendant HP was a merchant in the business of manufacturing and selling laptop computers.

**ANSWER**:    No answer is made to the allegations contained in this Paragraph because

HP has filed a motion to dismiss Count IX.

2.    On and before May 12, 2006, HP maintained and sold laptop computers into the stream of commerce in Illinois.

**ANSWER**:    No answer is made to the allegations contained in this Paragraph because

HP has filed a motion to dismiss Count IX.

3.    On May 12, 2006, FERRARO bought a HP notebook laptop computer at BEST BUY.

**ANSWER**:     No answer is made to the allegations contained in this Paragraph because

HP has filed a motion to dismiss Count IX.

4.     At all times relevant, Defendant HP knew the ordinary purpose for which the aforesaid laptop computer would be used.

**ANSWER**:     No answer is made to the allegations contained in this Paragraph because

HP has filed a motion to dismiss Count IX.

5.     Defendant HP warranted by implication at the time of sale in accordance with the Illinois Compiled Statutes that the laptop computers were reasonably fit, sufficient and of merchantable quality for their intended and/or foreseeable use.

**ANSWER**:     No answer is made to the allegations contained in this Paragraph because

HP has filed a motion to dismiss Count IX.

6.     Defendant HP breached its implied warranty of merchantability by selling the laptop computer in an unfit and unsuitable condition for the purpose for which it was placed into the stream of commerce.

**ANSWER**:     No answer is made to the allegations contained in this Paragraph because

HP has filed a motion to dismiss Count IX.

7.     The unfitness of the aforesaid HP laptop computer existed at the time of sale and continued until the Plaintiff, PATRICIA FERRARO, was injured on May 17, 2006.

**ANSWER**:     No answer is made to the allegations contained in this Paragraph because

HP has filed a motion to dismiss Count IX.

8.     As a direct and proximate result of the aforesaid breaches of the implied warranty of merchantability, Plaintiff, FERRARO sustained injuries of a personal and pecuniary nature.

**ANSWER**:     No answer is made to the allegations contained in this Paragraph because

HP has filed a motion to dismiss Count IX.

9.     On May 17, 2006, as plaintiff was using the HP laptop computer, the powercord [sic] overheated and she sustained injuries.

**ANSWER**:     No answer is made to the allegations contained in this Paragraph because

HP has filed a motion to dismiss Count IX.

10.    On and before May 17, 2006, defendant HP breached the implied warranty of

merchantability in one or more of the following respects:

     (a)    It manufactured and sold the laptop computer without adequate protection or insulation on its power cord to prevent overheating during normal and foreseeable use; and,

     (b)    It manufactured and sold the laptop computer without adequately warning the user, including plaintiff, regarding the danger that the power cord could overheating [sic] during normal and foreseeable use.

**ANSWER**:    No answer is made to the allegations contained in this Paragraph because

HP has filed a motion to dismiss Count IX.

11.    As a proximate result of one or more of the breaches of the implied warranty of fitness for patent purposes, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

**ANSWER**:    No answer is made to the allegations contained in this Paragraph because

HP has filed a motion to dismiss Count IX.


HP'S AFFIRMATIVE DEFENSES

As and for its affirmative defenses to the Complaint, HP alleges as follows:

FIRST AFFIRMATIVE DEFENSE

1.    Plaintiff's claims are barred in whole or in part because, in the Complaint,

Plaintiff fails to state a claim upon which relief can be granted and fails to state facts sufficient to

constitute a cause of action.

SECOND AFFIRMATIVE DEFENSE

2.    Plaintiff's claims are barred in whole or in part because Plaintiff assumed the risk

by voluntarily and unreasonably proceeding to encounter a known danger.

THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's claims are barred in whole or in part because Plaintiff did not give Defendants notice of the alleged defect or breach within a reasonable time after it was or should have been discovered.

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's claims are barred in whole or in part because Plaintiff misused the product by using it for a purpose neither intended nor reasonably foreseeable by HP.

### FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims are barred in whole or in part by Plaintiff's contributory negligence.

### SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's claims are barred in whole or in part by a third party's contributory negligence.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's claims are barred in whole or in part because a warranty that the goods shall be merchantable was excluded or modified.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff's claims are barred in whole or in part because Plaintiff failed to inspect the products at issue to determine whether they were defective prior to use.

### NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff's claims are barred in whole or in part by the doctrine of equitable estoppel.

### TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

11.     Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate her damages.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

12.     Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

13.     Plaintiff's claims are barred in whole or in part by the doctrine of laches.


WHEREFORE, Defendant Hewlett-Packard Company prays that the Complaint be dismissed with prejudice, that judgment be entered in its favor and against Plaintiff on all counts, that it be awarded its costs incurred in the defense of this action, and that it be awarded all other and further relief to which it is entitled.


August 11, 2008                                     HEWLETT-PACKARD COMPANY

                                                     By:     /s/ Joel C. Griswold
                                                             One of Its Attorneys

Michael J. Hayes, Sr.
Daniel J. Hayes
Joel Griswold
Bell, Boyd & Lloyd LLP
Three First National Plaza, Suite 3100
70 West Madison Street
Chicago, Illinois  60602
(312) 372-1121

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant, Hewlett-Packard Company, hereby certifies that a true and accurate copy of the foregoing Answer and Affirmative Defenses was served on August 11, 2008, via the electronic filing system of the United States District Court for Northern District of Illinois, Eastern Division, upon the following:

Francis P. Morrisey
Michael G. Mahoney
Burke, Mahoney & Wise
161 North Clark Street, Suite 2240
Chicago, Illinois 60601

/s/ Joel C. Griswold