IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA D. FERRARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    08 C 3638 |
| | ) | |
| BEST BUY CO., INC., a corporation; | ) | Hon. Matthew F. Kennelly |
| and BEST BUY STORES, L.P., a | ) | |
| limited partnership, and, HEWLETT- | ) | |
| PACKARD COMPANY, | ) | |
| a corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**HEWLETT-PACKARD COMPANY'S MOTION
TO DISMISS COUNT IX OF THE COMPLAINT**

Defendant, Hewlett-Packard Company ("HP"), by its attorneys and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves that Count IX of the Complaint at Law of Plaintiff Patricia D. Ferraro ("Plaintiff") be dismissed with prejudice, and in support its motion, states as follows:

**<u>Introduction</u>**

1.      Plaintiff's complaint contains nine counts, all of which are based on allegations that she purchased a defective computer from defendants and, as a result, suffered "injuries of a personal and pecuniary nature."   In Count IX, plaintiff alleges defendant HP breached the implied warranty of merchantability by selling a laptop computer that was not suitable "for the purpose for which it was placed into the stream of commerce."   (*See* Compl., a copy of which is attached hereto as Ex. A, at 11 ¶ 6.)   That claim, however, must be dismissed because plaintiff did not give HP notice of the purported defect within a reasonable time after it was discovered,

as is required by Illinois law.  Indeed, plaintiff's complaint does not allege that she gave notice to any party.

## The Complaint

2.    On May 9, 2008, Plaintiff filed a complaint against defendants in the Circuit Court of Cook County, Illinois claiming that she suffered injuries to her right forearm while using a laptop computer purchased at Best Buy.[1]  Specifically, Plaintiff alleges that "as [she] was using the HP laptop computer, the powercord [sic] overheated and she sustained injuries."  (*Id.* at 11 ¶ 9.)  Plaintiff alleges that this incident occurred and that her injuries were sustained on May 17, 2006.  (*Id.*)  HP was first served with the summons and complaint on May 27, 2008 – more than two years after plaintiff allegedly suffered her injuries.  (*See* Affidavit of Service, a copy of which is attached hereto as Ex. B)

3.    Nowhere in the complaint does plaintiff allege she notified any of the defendants of her injuries or of the alleged defect about which she now complains.

4.    Count IX of the complaint purports to assert a claim against HP for breach of the implied warranty of merchantability.

## Legal Argument

5.    "To state a claim for breach of implied warranty of merchantability under Illinois law, [a] plaintiff[] must allege that (1) [the goods] were not merchantable at the time of sale; (2) plaintiff[] suffered damages as a result of the defective [goods]; and (3) plaintiff[] gave [defendant] notice of the defect."  *Munch v. Sears Roebuck and Co.*, Nos. 06 C 7023, 07 C 412, 2007 WL 2461660, *4 (N.D. Ill. Aug. 27, 2007).

---

[1]    Defendants removed the case to this Court, pursuant to 28 U.S.C. § 1332, on June 25, 2008.

6.     Section 2-607(3)(a) of the Illinois Commercial Code "imposes a duty upon a buyer who has accepted goods to give notice of an alleged breach of an implied warranty to the seller within a reasonable time after he discovers, or should have discovered, the breach." *Wagmeister v. A.H. Robins Co.*, 64 Ill. App. 3d 964, 966, 382 N.E.2d 23, 25 (1st Dist. 1978). Section 2-607(3)(a) states: "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." 810 ILCS 5/2-607(3)(a).

7.     "Notice is required in order to provide the seller with the opportunity to cure a defect and thereby minimize damages, [to] protect its ability to investigate a breach and gather evidence, and to encourage negotiation and settlement thereby avoiding protracted litigation." *Microsoft Corp. v. Logical Choice Computers, Inc.*, No. 99 C 1300, 2000 WL 1038143, *3 (N.D. Ill. July 24, 2000).

8.     In *Branden v. Gerbie*, 62 Ill.App.3d 138, 379 N.E.2d 7 (1st Dist .1978), the Illinois appellate court affirmed the trial court's dismissal of the complaint where plaintiff delayed 15 months in giving notice of the alleged to breach to the correct manufacturer of the allegedly defective product that caused plaintiff's personal injuries. 379 N.E.2d at 9 (citing cases holding that a delay of one year and less was "unreasonable as a matter of law"). Likewise, in *Wagmeister*, the Illinois appellate court held "as a matter of law" that plaintiff's "notice [did] not satisfy section 2-607(a)(3)" where plaintiff gave defendants notice of the alleged breach of warranty approximately 32 months after "she should have been aware of, discovered, detected, and known of the breach." 382 N.E.2d at 25 (affirming dismissal of complaint).

9.     Here, plaintiff does not allege she notified HP or the other defendants of the alleged defect that is the basis for her suit.  Although her injuries allegedly were suffered when a

power cord overheated on May 17, 2006, she waited approximately 24 months before she filed her lawsuit on May 9, 2008, and HP was not served with the Complaint until May 27, 2008. Plaintiff's delay of more than two years in notifying HP of the alleged defect in the power cord is unreasonable as a matter of law.  Accordingly, Count IX should be dismissed with prejudice.

WHEREFORE, Defendant Hewlett-Packard Company prays that Count IX of the Complaint be dismissed with prejudice, that judgment be entered in its favor and against Plaintiff on Count IX, and that it be awarded all other and further relief to which it is entitled.

August 11, 2008

HEWLETT-PACKARD COMPANY

By:     /s/ Joel C. Griswold
        One of Its Attorneys

Michael J. Hayes, Sr.
Daniel J. Hayes
Joel Griswold
Bell, Boyd & Lloyd LLP
Three First National Plaza, Suite 3100
70 West Madison Street
Chicago, Illinois  60602
(312) 372-1121

## **CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for Defendant, Hewlett-Packard Company, hereby certifies that a true and accurate copy of the foregoing Motion to Dismiss Count IX of the Complaint was served on August 11, 2008, via the electronic filing system of the United States District Court for Northern District of Illinois, Eastern Division, upon the following:

Francis P. Morrisey
Michael G. Mahoney
Burke, Mahoney & Wise
161 North Clark Street, Suite 2240
Chicago, Illinois  60601

/s/ Joel C. Griswold

EXHIBIT A

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| PATRICIA D. FERRARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) No. | |
| | ) | |
| BEST BUY CO., INC., a corporation; | ) | 2008L005182 |
| and BEST BUY STORES, L.P., | ) | CALENDAR/ROOM A |
| a limited partnership, and; | ) | TIME 00:00 |
| HEWLETT-PACKARD COMPANY, | ) | Product Liability |
| a corporation, | ) | |
| | ) | |
| Defendants. | ) Plaintiff Demands Trial By Jury | |

### COMPLAINT AT LAW

### COUNT I

#### Strict Liability/Best Buy Co., Inc./Unsafe Power Cord/Personal Injuries

Plaintiff, PATRICIA D. FERRARO ("FERRARO"), complaining of defendant, BEST

BUY CO., INC., ("BEST BUY") a corporation, states:

1.    On and before May 12, 2006, BEST BUY was in the business of selling and/or

distributing laptop computers at a store commonly known as "Best Buy" located at 11

Countryside Plaza Countryside, Illinois 60525.

2.    On and before May 12, 2006, BEST BUY placed certain laptop computers into

the stream of commerce.

3.    On and before May 12, 2006, FERRARO bought from BEST BUY a new

notebook laptop computer which was designed and manufactured by defendant HEWLETT

PACKARD COMPANY ("HP") bearing serial number F3-06010008230B.

4.    Shortly thereafter, FERRARO was using the HP laptop computer when the power

cord overheated while it was resting on or near plaintiff's right forearm.

5.    On May 12, 2006, and at the time it left the control of defendant, BEST BUY, the

subject HP laptop was defective and in an unsafe condition in one or more of the following

ways:

    a.    It was manufactured and sold without adequate protection or insulation on its power cord to prevent overheating during normal and foreseeable use; and,

    b.    It was manufactured and sold without adequate or sufficient warnings on instructions to purchasers such as plaintiff that it could overheat during normal or foreseeable use.

6.    As a proximate result of one or more of the foregoing defective and unsafe

conditions in the subject HP laptop computer, FERRARO, sustained injuries of a personal and

pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant,

BEST BUY CO., INC., for a sum in excess of jurisdictional limit of the Law Division of the

Circuit Court of Cook County, Illinois.

## COUNT II

### Negligence /Best Buy Co., Inc./Unsafe Power Cord/Personal Injuries

Plaintiff, PATRICIA D. FERRARO ("FERRARO"), complaining of defendant, BEST

BUY CO., INC., ("BEST BUY") a corporation, states:

1.    On and before May 12, 2006, BEST BUY owned, operated, managed, maintained

and/or controlled a certain business commonly known as "Best Buy" located at 11 Countryside

Plaza Countryside, Illinois 60525.

2.    On May 12, 2006, BEST BUY sold laptop computers designed, manufactured and

distributed by defendant Hewlett-Packard Company ("HP").

3.    On May 12, 2006, FERRARO purchased from BEST BUY a new HP notebook

laptop bearing serial number F3-06010008230B.

4.     Shortly thereafter, FERRARO was using said laptop computer when the power cord overheated while it was resting on and in close proximity to plaintiff's right forearm.

5.     On and before May 12, 2006, defendant, BEST BUY, was negligent in one or more of the following ways:

> a.     Failed to adequately and properly inspect the laptop to ascertain whether it was safe;
>
> b.     Failed to adequately and properly warn that the power cord could overheat, and,
>
> c.     Failed to remove from its shelves said laptop when it knew or should have known it was necessary for safety to do so.

6.     As a proximate result of one or more of the foregoing negligent acts or omissions plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, BEST BUY CO., INC., for a sum in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT III

### Breach of Implied Warranty of Merchantability/Best Buy Co., Inc.

Plaintiff, PATRICIA FERRARO, complaining of defendant, BEST BUY CO., INC., a corporation, states:

1.     On and before May 12, 2006, defendant BEST BUY was a merchant in the business of selling laptop computers.

2.     On and before May 12, 2006, BEST BUTY sold laptop computers into the stream of commerce in Illinois.

3.     On May 12, 2006, BEST BUY sold a HP notebook laptop computer to FERRARO.

-3-

4.     At all times relevant, Defendant BEST BUY knew the ordinary purpose for which the aforesaid laptop computer would be used.

5.     Defendant BEST BUY warranted by implication at the time of sale in accordance with the Illinois Compiled Statutes that the laptop computers were reasonably fit, sufficient and of merchantable quality for their intended and/or foreseeable use.

6.     Defendant BEST BUY breached its implied warranty of merchantability by selling the laptop computer in an unfit and unsuitable condition for the purpose for which it was placed into the stream of commerce.

7.     The unfitness of the aforesaid HP laptop computer existed at the time of sale and continued until the Plaintiff, PATRICIA FERRARO, was injured on May 17, 2006.

8.     As a direct and proximate result of the aforesaid breaches of the implied warranty of merchantability, Plaintiff, FERRARO, sustained injuries of a personal and pecuniary nature.

9.     On May 17, 2006, as plaintiff was using the HP laptop computer, the powercord overheated and she sustained injuries.

10.    On and before May 17, 2006, defendant BEST BUY breached the implied warranty of merchantability in one or more of the following respects:

        (a)    It sold the laptop computer without adequate protection or insulation on its
               power cord to  prevent overheating during normal and foreseeable use;
               and,

        (b)    It sold the laptop computer without adequately warning the user, including
               plaintiff, regarding the danger that the power cord could overheating
               during normal and foreseeable use.

11.    As a proximate result of one or more of the breaches of the implied warranty of fitness for patent purposes, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

-4-

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, BEST BUY CO., INC., a corporation, for a sum in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

COUNT IV

**Strict Liability/Best Buy Stores, LLP/Unsafe Power Cord/Personal Injuries**

1.     On and before May 12, 2006, BEST BUY STORES, LLP ("BEST BUY STORES") was in the business of selling and/or distributing laptop computers designed and manufactured by defendant Hewlett-Packard Company ("HP").

2.     On and before May 12, 2006, BEST BUY STORES placed certain HP laptop computers into the stream of commerce.

3.     On and before May 12, 2006, plaintiff, PATRICIA FERRARO, bought from BEST BUY STORES a HP notebook laptop bearing serial number F3-06010008230B.

4.     Shortly thereafter, plaintiff was using the laptop computer when the power cord overheated while it was resting on or near plaintiff's right forearm.

5.     On May 12, 2006, and at the time it left the control of defendant, BEST BUY STORES, the laptop was defective and in an unsafe condition in one or more of the following ways:

        a.     It was manufactured and sold without adequate protection from overheating during normal and foreseeable use; and,

        b.     It was manufactured and sold without adequate or sufficient warnings on instructions to purchasers such as plaintiff that it could overheat during normal or foreseeable use.

6.     As a proximate result of one or more of the foregoing defective and unsafe conditions in the laptop computer, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

-5-

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, BEST BUY STORES, L.P., for a sum in excess of jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT V

**Negligence /Best Buy Stores, L.P. /Unsafe Power Cord/Personal Injuries**

Plaintiff, PATRICIA D. FERRARO ("FERRARO"), complaining of defendant, BEST BUY STORES, L.P. ("BEST BUY STORES"), a corporation, states:

1.    On and before May 12, 2006, BEST BUY STORES owned, operated, managed, maintained and/or controlled a certain business commonly known as "Best Buy" located at 11 Countryside Plaza Countryside, Illinois 60525.

2.    On May 12, 2006, BEST BUY STORES sold laptop computers designed, manufactured and distributed by defendant HP.

3.    On May 12, 2006, plaintiff, PATRICIA FERRARO, purchased from BEST BUY STORES a new HP notebook laptop, serial number F3-06010008230B.

4.    Shortly thereafter, plaintiff was using said laptop when the power cord overheated while it was resting on and in close proximity to plaintiff's right forearm.

5.    On and before May 12, 2006, defendant, BEST BUY STORES, was negligent in one or more of the following ways:

    a.    Failed to adequately and properly inspect the laptop to ascertain whether it was safe;

    b.    Failed to adequately and properly warn that the power cord could overheat, and,

    c.    Failed to remove from its shelves said laptop when it knew or should have known it was necessary for safety to do so.

6.    As a proximate result of one or more of the foregoing negligent acts or omissions

plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant,

BEST BUY STORES, L.P. for a sum in excess of the jurisdictional limit of the Law Division of

the Circuit Court of Cook County, Illinois.

COUNT VI

**Breach of Implied Warranty of Merchantability/Best Buy Stores, L.P.**

Plaintiff, PATRICIA FERRARO ("FERRARO"), complaining of defendant, BEST BUY

STORES, L.P. ("BEST BUY STORES"), a corporation, states:

1.    On and before May 12, 2006, defendant BEST BUY STORES was a merchant in

the business of selling laptop computers.

2.    On and before May 12, 2006, BEST BUY STORES sold laptop computers into

the stream of commerce in Illinois.

3.    On May 12, 2006, BEST BU STORES sold a HP notebook laptop computer to

FERRARO.

4.    At all times relevant, Defendant BEST BUY STORESknew the ordinary purpose

for which the aforesaid laptop computer would be used.

5.    Defendant BEST BUY STORES warranted by implication at the time of sale in

accordance with the Illinois Compiled Statutes that the laptop computers were reasonably fit,

sufficient and of merchantable quality for their intended and/or foreseeable use.

6.    Defendant BEST BUY STORES breached its implied warranty of merchantability

by selling the laptop computer in an unfit and unsuitable condition for the purpose for which it

was placed into the stream of commerce.

-7-

7.      The unfitness of the aforesaid HP laptop computer existed at the time of sale and

continued until FERRARO was injured on May 17, 2006.

8.      As a direct and proximate result of the aforesaid breaches of the implied warranty

of merchantability, Plaintiff, FERRARO sustained injuries of a personal and pecuniary nature.

9.      On May 17, 2006, as plaintiff was using the HP laptop computer, the powercord

overheated and she sustained injuries.

10.     On and before May 17, 2006, defendant BEST BUY STORES breached the

implied warranty of merchantability in one or more of the following respects:

> (a)    it sold the laptop computer without adequate protection or insulation on its
> power cord to prevent overheating during normal and foreseeable use;
> and,
>
> (b)    it sold the laptop computer without adequately warning the user, including
> plaintiff, regarding the danger that the power cord could overheating
> during normal and foreseeable use.

11.     As a proximate result of one or more of the breaches of the implied warranty of

fitness for patent purposes, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and

pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant,

BEST BUY CO., INC., a corporation, for a sum in excess of the jurisdictional limit of the Law

Division of the Circuit Court of Cook County, Illinois.

### COUNT VII

### Strict Liability/Hewlett-Packard Company /Unsafe Power Cord/Personal Injuries

Plaintiff, PATRICIA FERRARO ("FERRARO"), complaining of defendant, HEWLETT-

PACKARD COMPANY ("HP"), a corporation, states:

1.    On and before May 12, 2006, HP was in the business of selling and/or distributing laptop computers.

2.    On and before May 12, 2006, HP placed certain laptop computers into the stream of commerce.

3.    On and before May 12, 2006, plaintiff, PATRICIA FERRARO, bought from HP a HP notebook laptop, serial number F3-06010008230B.

4.    Shortly thereafter, plaintiff was using the laptop computer when the power cord overheated while it was resting on or near plaintiff's right forearm.

5.    On May 12, 2006, and at the time it left the control of defendant, HP, the laptop was defective and in an unsafe condition in one or more of the following ways:

        a.    It was manufactured and sold without adequate protection from overheating during normal and foreseeable use; and,

        b.    It was manufactured and sold without adequate or sufficient warnings on instructions to purchasers such as plaintiff that it could overheat during normal or foreseeable use.

6.    As a proximate result of one or more of the foregoing defective and unsafe conditions in the laptop computer, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, HEWLETT-PACKARD COMPANY, for a sum in excess of jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

### COUNT VIII

### Negligence – HEWLETT-PACKARD COMPANY/Unsafe Power Cord/Personal Injuries

Plaintiff, PATRICIA D. FERRARO, complaining of defendant, HEWLETT-PACKARD COMPANY ("HP"), a corporation, states:

-9-

1.    On and before May 12, 2006, HP owned, operated, managed, maintained and/or controlled a certain business commonly known as "Best Buy" located at 11 Countryside Plaza Countryside, Illinois 60525.

2.    On May 12, 2006, HP sold laptop computers designed, manufactured and distributed by defendant HP.

3.    On May 12, 2006, plaintiff, PATRICIA FERRARO, purchased from HP a new HP notebook laptop, serial number F3-06010008230B.

4.    Shortly thereafter, plaintiff was using said laptop when the power cord overheated while it was resting on and in close proximity to plaintiff's right forearm.

5.    On and before May 12, 2006, defendant, HP, was negligent in one or more of the following ways:

        a.    Failed to adequately and properly inspect the laptop to ascertain whether it was safe;

        b.    Failed to adequately and properly warn that the power cord could overheat,; and,

        c.    Failed to equip the power cord with adequate and sufficient insulation to prevent overheating during normal and foreseeable use.

6.    As a proximate result of one or more of the foregoing negligent acts or omissions plaintiff, PATRICIA FERRARO, sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant, HEWLETT-PACKARD COMPANY, for a sum in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT IX

### Breach of Implied Warranty of Merchantability/Hewlett-Packard Company

Plaintiff, PATRICIA D. FERRARO, complaining of defendant, HEWLETT-PACKARD COMPANY ("HP"), a corporation, states:

1.     On and before May 12, 2006, defendant HP was a merchant in the business of manufacturing and selling laptop computers.

2.     On and before May 12, 2006, HP maintained and sold laptop computers into the stream of commerce in Illinois.

3.     On May 12, 2006, FERRARO bought a HP notebook laptop computer at BEST BUY.

4.     At all times relevant, Defendant HP knew the ordinary purpose for which the aforesaid laptop computer would be used.

5.     Defendant HP warranted by implication at the time of sale in accordance with the Illinois Compiled Statutes that the laptop computers were reasonably fit, sufficient and of merchantable quality for their intended and/or foreseeable use.

6.     Defendant HP breached its implied warranty of merchantability by selling the laptop computer in an unfit and unsuitable condition for the purpose for which it was placed into the stream of commerce.

7.     The unfitness of the aforesaid HP laptop computer existed at the time of sale and continued until the Plaintiff, PATRICIA FERRARO, was injured on May 17, 2006.

8.     As a direct and proximate result of the aforesaid breaches of the implied warranty of merchantability, Plaintiff, FERRARO sustained injuries of a personal and pecuniary nature.

9.     On May 17, 2006, as plaintiff was using the HP laptop computer, the powercord overheated and she sustained injuries.

-11-

10. On and before May 17, 2006, defendant HP breached the implied warranty of

merchantability in one or more of the following respects:

(a) It manufactured and sold the laptop computer without adequate protection or insulation on its power cord to prevent overheating during normal and foreseeable use; and,

(b) It manufactured and sold the laptop computer without adequately warning the user, including plaintiff, regarding the danger that the power cord could overheating during normal and foreseeable use.

11. As a proximate result of one or more of the breaches of the implied warranty of

fitness for patent purposes, plaintiff, PATRICIA FERRARO, sustained injuries of a personal and

pecuniary nature.

WHEREFORE, plaintiff, PATRICIA FERRARO, demands judgment against defendant,

HEWLETT-PACKARD COMPANY, a corporation, for a sum in excess of the jurisdictional

limit of the Law Division of the Circuit Court of Cook County, Illinois.


_____
Francis P. Morrissey


Francis P. Morrissey
Michael G. Mahoney
**Burke, Mahoney & Wise**
161 North Clark Street
Suite 2240
Chicago, IL 60601
312-580-2040


-12-

# EXHIBIT B

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(12/3/01) CCG 0001

38901      FPM:nc      05/09/08      08-18

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

PATRICIA D. FERRARO,                    )
                          Plaintiff,    )
                                        )
     v.                                 )    No.
                                        )
BEST BUY CO., INC., a corporation;      )
and BEST BUY STORES, L.P.,              )    Please Serve:
a limited partnership, and;             )
HEWLETT-PACKARD COMPANY,                )    Hewlettt-Packard Company, by serving
a corporation,                         )    their R/A:  CT Corporation System
                                        )    208 S. LaSalle Street, Suite 814
                          Defendants.   )    Chicago, IL 60604

2008LO
CALENDAR SECTION 4
TIME 00:00
Product Liability

CASHIER: GINNY

### SUMMONS

**To each defendant:**

000157-1.3.1 05/09/08 16:12
REF CASE  # OBL 005182
...
REF SHERIFF # 009171
...

   YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

[x]   Richard J. Daley Center, 50 W. Washington, Room _____801_____, Chicago, Illinois 60602

| | | | |
|---|---|---|---|
| ☐ | District 2 – Skokie<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ District 3 – Rolling Meadows<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ District 4 – Maywood<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ☐ | District 5 – Bridgeview<br>1022 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ District 6 – Markham<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | |

**You must file within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

FILED

To the officer:

   This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

MAY 0 9 2008

Atty. No.: _____38901_____
Name.: _Francis P. Morrissey/Burke, Mahoney & Wise_
Atty. For:_____Plaintiff_____
Address:_____161 N. Clark Street_____
City/State/Zip:_Chicago, IL  60601_
Telephone:_____(312) 580-2040_____

WITNESS, _____,

_____DOROTHY BROWN_____

Clerk of Court
Date of service: _____
(To be inserted by officer on copy left with defendant
or other person)

Service by Facsimile Transmission will be accepted at:_____

_____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

STROM 3696-

SHERIFF'S NUMBER 059171-101L CASE NUMBER 08L005182    DEPUTY: _____

FILED DT 05-09-2008 RECEIVED DT 05-09-2008 DIE DT 06-03-2008 MULTIPLE SERVICE    1
    DEFENDANT                                    ATTORNEY
HEWITT-PACKARD COMPANY                          FRANCIS P. MORRISSEY
208 S LA SALLE ST                               X
CHICAGO IL. 60604                               X XX. 00000
STE 814                                         312 580-2040
PLAINTIFF PATRICIA D. FERRARO

SERVICE INFORMATION: SP  CT CORP

*******************************************************************************
(A)  I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

.....1 PERSONAL SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
       NAMED DEFENDANT PERSONALLY.
.....2 SUBSTITUTE SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
       AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
       RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
       THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE
       _____ DAY OF _____ 20___ , IN A SEALED ENVELOPE WITH POSTAGE FULLY
       PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
       SAID PARTY REFUSED NAME
.....3 SERVICE ON:  CORPORATION ✓ COMPANY    BUSINESS    PARTNERSHIP
       BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
       REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT.
.....4 CERTIFIED MAIL _____

(B)  THOMAS J. DART, SHERIFF, BY: _____, DEPUTY  3696-
     1  SEX  M/F    RACE W    AGE 40
     2  NAME OF DEFENDANT HEWITT-PACKARD COMPANY
           WRIT SERVED ON _____
     THIS 27 DAY OF MAY 200 TIME 10:30 A.M. P.M.

     ADDITIONAL REMARKS _____

*******************************************************************************
THE NAMED DEFENDANT WAS NOT SERVED.

TYPE OF BLDG _____

                                          ATTEMPTED SERVICES

NEIGHBORS NAME _____
                                    DATE      TIME  A.M./P.M.
     ADDRESS _____
                                    _____  ___:___ ____
     REASON NOT SERVED:
                                    _____  ___:___ ____
___01 MOVED          ___07 EMPLOYER REFUSAL
___02 NO CONTACT     ___08 RETURNED BY ATTY   _____  ___:___ ____
___03 EMPTY LOT      ___09 DECEASED
___04 NOT LISTED     ___10 BLDG DEMOLISHED    _____  ___:___ ____
___05 WRONG ADDRESS  ___11 NO REGISTERED AGT.
___06 NO SUCH ADDRESS ___12 OTHER REASONS     _____  ___:___ ____
                     ___13 OUT OF COUNTY
                                              _____  ___:___ ____

FEE  .00   MILEAGE  .00   TOTAL  .00                SG27